CROWE *v.* CROWE.

[No. 30,777. Filed November 4, 1965.]

*Lewellyn H. Pratt,* of Bloomington, for appellant.
*Theodore Puchowski,* of Hammond, for appellee.

ARTERBURN, J.—This is an appeal from an order of the Lake Superior Court, ordering appellant to pay an increased amount of support for the minor child of the parties, plus attorney fees for appellee's attorney on appellee's petition to modify a support order entered by the court.

The issues were presented by the filing and submission to the trial court of appellee's verified petition to modify support.

The cause was submitted to the court for hearing. Having heard the evidence, the court entered its finding and order as follows:

(1) That appellant's motion for a finding in his favor was overruled by the court;

(2) That the court found for appellee on her petition and ordered appellant to pay into the Clerk's office the sum of $25 per week for the support of the minor child of the parties;

(3) That the court ordered the cause to be continued to a later date for hearing on dental work for the minor child of the parties, and appellant to have the minor child examined by an orthodontist at his expense;

(4) That appellant was ordered to pay into the Clerk's office of Lake Superior Court the sum of $50 as attorney's fees to appellee's attorney for legal fees for services rendered in this action.

The main contentions are, that there is no evidence to support the trial court's order of $25 a week to be paid by the father for the support of the child, and that the court had no authority to order the payment of $50 attorney's fees to the appellee-mother as expenses in this proceeding. The evidence in the case is quite meager with reference to the support order, and consists merely of the mother's (petitioner's) testimony.

The petitioner testified that the parties were divorced in 1953, and that at that time they were the parents of a nine months old child. The court, at the time of the divorce in 1953, made an order against the appellant (the father) to pay $10 a week for the support of the child. The appellee testified with reference to certain costs for dental work that was necessary for the child. She was further asked "how much it cost to raise the child on a weekly basis" and she replied "$25 per week." The evidence showed that the child now was ten or eleven years old. Petitioner testified she did not know what the father was doing and whether he was employed or not. The appellant-father did not take the stand or offer any

evidence. The court thereupon made the order of $25 a week for support money and $50 attorney's fees.

It is argued by the appellant that there is no evidence that he can pay $25 a week support money; that the evidence does not show he has a job or that he is in good health and able to earn that sum, etc. On the other hand, it is contended that his illness or inability to earn support money is a matter of defense, that such evidence is peculiarly within his own personal knowledge, and that the court will assume he can pay support money unless evidence appears to the contrary.

A husband and father at common law has the duty and obligation to support his children without any court decree or order. A court order requiring the payment of this support does nothing more than carry out the common law principle involved, although the statute makes it mandatory upon the court entering a divorce decree to provide for the support of any minor children. Burns' Ind. Stat. Anno. § 3-1219 (1965 Supp.)

Even bankruptcy does not relieve a father of the obligation to make support payments for his children. *Hylek* v. *Hylek* (7th Cir. 1945), 148 F. (2d) 300.

"It is the first duty of divorced parents, resting primarily on the father, to support their children. The liability to support may arise where the decree is silent both as to custody and maintenance, . . ." 27B C.J.S., Divorce, Sec. 319 (1) a, p. 591.

The court determines under the evidence, as in this case, what is a reasonable sum required for the support of such child or children. If there is evidence or facts under which the father is relieved from his common law and statutory duty of support, it is incumbent upon him to come forth with such evidence in mitigation or defense. The burden is upon the father to show that he cannot support his child or children or pay all the sums required for their support. Such evidence might show that the father is unable, physically or mentally, to engage in employment or is unable,

for other reasons, to obtain employment and has no other income with which to make such payments. These are all matters of defense and such evidence is peculiarly within the control and knowledge of the father. He is in better position to furnish the evidence as to his ability to support or not support his children than anyone else. In considering this question, it is the children's interest with which the court is primarily concerned. It should not be looked upon as a game between divorced parents who are in disagreement.

If there was any valid reason or answer why the appellant could not pay the support for his child, he had the burden of proof and should have presented the facts.

It is also urged that the only change in conditions shown by the evidence is that of time, now approximately ten years, and that time alone cannot be used as a basis for a change in the support order. We do not agree with this contention. We judicially know that it takes more to support a child of ten years of age than it does one of nine months of age when the original order was made. Such a change in costs in the support of a child after ten years is a matter of common knowledge, ignoring any increase in the index registering the cost of living during the period of approximately ten years. We feel after a period of ten years, time alone has created a change in conditions as it affects support payments for a growing child to warrant a court to consider a petition for modification. *Arnold* v. *Arnold* (1947), 332 Ill. App. 586, 76 N. E. 2d 335, 18 A. L. R. 2d 1.

The appellant further contends that the court erred as a matter of law in awarding attorney's fees, since under Burns' Ind. Stat. Anno. § 3-1220 (1946 Repl.) such an award can be made only where a husband is held in contempt of court or where he is the moving party seeking to modify or change a decree. The appellant, however, is in error, since we have held that a court has inherent authority to make allowances for attorney fees in a hearing for support or suit money in the interest of seeing that equity and justice

is done on both sides. *State ex rel. DeMoss, etc.* v. *Daviess C. C.* (1962), 243 Ind. 376, 185 N. E. 2d 621; *State ex rel. Sims* v. *Hendricks C. C. et al.* (1956), 235 Ind. 444, 134 N. E. 2d 211.

Even in cases brought to annul a marriage in the absence of any statutory provisions, we have held the court has inherent power to make allowances for attorney fees and expense money involved in the defense of such action. We stated:

> "It is well settled that the trial court has inherent authority upon proper showing to make allowances for support and expenses, including counsel fees, for an alleged wife in an annulment case and statutory authority in a divorce case."

*State ex rel. Reger* v. *Sup. Ct.* (1961), 242 Ind. 241, 244, 177 N. E. 2d 908, 909.

The judgment and order of the trial court for the payment of allowances and support order is affirmed.

Jackson, C. J., concurs in result in part and dissents in part, stating he dissents "to that portion awarding attorney's fees, no authority existing for that proposition." Myers and Landis, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 164.