**ESTATE OF Clifford L. BRUMMETT, By Dorothy BRUMMETT, Personal Representative, Appellant, (Petitioner Below),**

v.

**Rose M. BRUMMETT, Appellee (Respondent Below).**

No. 2–284·A 59.

Court of Appeals of Indiana, Second District.

Dec. 27, 1984.

E. Kent Moore and Scott D. Butler, Cooke, Bache & Moore, Lafayette, for appellant.

Louis Pearlman, Jr., Pearlman & Chosnek, Lafayette, for appellee.

SHIELDS, Judge.

The estate of Clifford Brummett (Estate), by its Personal Representative, Dorothy Brummett, appeals the denial of its motion to revoke its child support obligation. The issue presented is whether the trial court abused its discretion in failing to

usual and ordinary expense incurred in any    retrial.

revoke the support order, when, as a result of Brummett's death, the beneficiary of the order is receiving social security survivor's benefits.

We affirm.

### Facts

On April 26, 1982, Dorothy Brummett, executrix of the estate of Clifford Brummett, petitioned to modify the child support obligation required of Clifford Brummett. The petition was denied.

The parties stipulated to the following facts:

1. That the parties were divorced on December 27, 1978 and the wife was granted the custody of Deborah Lynn Brummett, minor child born November 14, 1969.

2. That on the 27th day of September, 1979, said Decree of Dissolution was modified whereby the husband was required to pay the sum of $100.00 as support of said minor child commencing November 5, 1979 and a like sum on the 5th day of each month thereafter.

3. That the husband died on the 7th day of December, 1981 and that neither he nor his estate have paid any support pursuant to said Order of Support commencing with the payment due December 5, 1981.

4. That the wife has received Social Security payments for said child as a survivor of the husband in the sum of $407.20 per month, which payments commenced for the month of January, 1982.

5. That the wife was unemployed for the year 1981 until October, 1981 and her income for the months of October through December, 1981 was $1,200.00; that the wife is now employed on a guaranteed salary of $150.00 per week and her average net pay has been $159.00 per week for the year 1982.

Record at 44.

Attachments to the stipulations showed that the appraised value of the estate was

$92,267.82; $65,267.82 of that total was in bank accounts. The value of the business antiques was unknown and not included in the $92,267.82.

■ On appeal, a modification of a support order is reviewable only for an abuse of discretion. *In re the Marriage of Wiley,* 444 N.E.2d 315 (Ind.App.1983). It is only where the result reached is clearly against the logic and effects of circumstances before the court that an abuse of discretion will be found. *Macauley v. Funk,* 172 Ind.App. 66, 359 N.E.2d 611 (1977).

In the instant case, the Estate argues that the court's denial of its petition for modification was an abuse of discretion because the court's decision was against the logic and effect of the evidence before the court. The Estate argues it showed a four-fold increase in payments to the supported child without the child showing a corresponding increase in need.

When the court denied the petition in 1983, the controlling statute provided as follows:

"Modification and termination of maintenance, support and property dispositions.—(a) Provisions of an order with respect to child support may be modified or revoked. *Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable ....*

(b) Unless otherwise agreed in writing, or expressly provided in the order, provisions for child support are terminated by the emancipation of the child but not by the death of the parent obligated to pay the child support. *When the parent obligated to pay support dies, the amount of support may be modified or revoked to the extent just and appropriate under the circumstances on petition of representatives of his estate."*

Ind.Code Ann. § 31–1–11.5–17 (Burns Supp.1984) (emphasis added).[1]

---

**1.** At common law, a parent's liability to support his child terminated at the parent's death; the terms of the support order could not be enforced against his estate unless provisions allow-

The parties in the instant case agree that upon the death of the parent obligated to pay support, the predicate for a modification or revocation is a showing that the modification is "just and appropriate under the circumstances." At this time we find no reason to disagree with their interpretation of the statute.

Unfortunately, the legislature failed to enumerate factors it considered relevant in a trial court's determination of what action is just and appropriate under the circumstances. However, the statutory language offers some guidance. First, it provides that only the estate of the obligated parent may petition for modification or revocation. This limitation leads us to conclude evidence which typically is offered as a basis for an increase in the dependent child's needs or a decrease in the custodial parents resources, has the distinctly more limited purpose. Under Ind.Code § 31–1–11.5–17 such evidence may only be considered to the extent it counterbalances evidence which, by itself, would otherwise justify a decrease in the amount of support, or a termination of support.

Second, the statutory language permits a lesser showing of "just and appropriate" as opposed to the "substantial change in circumstances" showing required for a modification by a living obligated parent. The lesser standard appears to leave the trial court with an even greater degree of discretion.

▄ Left, as we are, we conclude there are several factors which merit considera-tion by a trial court in determining the justice and appropriateness of a support order. The most obvious are the statutory considerations of Ind.Code Ann. § 31–1–11.5–12(a) (Burns Supp.1984).

"In an action pursuant to section 3(a), 3(b), or 3(c) [31–11.5–3(a), (b), or (c)] of this chapter, the court may order either parent or both parents to pay amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

(1) The financial resources of the custodial parent;

(2) Standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered; [and]

(3) Physical or mental condition of the child and his educational needs ...."[2]

Other appropriate factors include:

1) the ability of the estate to satisfy the support obligation,

2) the hardship imposed on the estate by the existence of a continuing support order,

3) the provision (or lack thereof) for the child in the testator's will or the forced shares available to an intestate's child,

4) other financial benefits accruing to the supported child as a result of the death of the supporting parent (i.e. social security survivors benefits),[3] and

---

ing for such enforcement were included in the order. Annot., *Death of Parent as Affecting Decree for Support of Child,* 18 A.L.R.2d 1126 (1951); *See Graham v. Graham,* 595 S.W.2d 720 (Ky.Ct.App.1980); *In re Marriage of Dulyn,* 89 Ill.App.3d 304, 44 Ill.Dec. 622, 411 N.E.2d 988 (1980).

**2.** The "totality of the circumstances" standard, applicable when a court must determine whether there has been a substantial change in circumstances, includes the statutory considerations of Ind.Code Ann. § 31–1–11.5–12 (Burns Supp.1984). *Tucker v. Tucker,* 406 N.E.2d 321 (Ind.App.1980); *Carlile v. Carlile,* 164 Ind.App. 615, 330 N.E.2d 349 (1975).

**3.** Social security payments to supported children should be considered as part of the totality of the circumstances when determining whether support orders should be modified. *See Gower v. Gower,* 427 N.E.2d 703 (Ind.App.1981) (social security and veterans pension payments indirectly considered); *In re the Marriage of Meek,* 669 P.2d 628 (Colo.App.1983); *Gibson v. Gibson,* 110 Mich.App. 666, 313 N.W.2d 179 (1981); *Hamilton v. Hamilton,* 598 S.W.2d 767 (Ky.Ct. App.1980); *Litton v. Litton,* 299 So.2d 458 (La. Ct.App.1974).

The courts in *Gibson, Hamilton,* and *Litton* agreed that "[t]he trial court should consider all relevant circumstances, including the child's income from Social Security payments. While these payments may not require a reduction in

5) the child's needs.

This listing is not intended to be exhaustive, only illustrative.

█ The stipulated facts in the instant case present a close question. Nevertheless, the trial court could reasonably have concluded it was more just and appropriate to continue the support in the amount previously ordered. The trial court could reasonably have concluded the resources presently available to the supported child, Deborah, were significantly less than what would have been available if a dissolution of her parents' marriage had not taken place.[4] Deborah lived with her mother, whose income was approximately eight thousand dollars in 1982. The child support payments (if paid) would have added only twelve hundred dollars to that total. The social security payments, which added forty-nine hundred dollars to the resources available to Deborah, only brought her closer to the standard of living she could have expected if her mother and her father, who left an estate valued at approximately one hundred thousand dollars, had not been divorced.

Furthermore, the trial court could reasonably have concluded there was not a provision for Deborah in the will because the facts stipulated by the parties did not include a reference to any such provision in Clifford Brummett's will. This conclusion is relevant because the statutory provisions that extend support obligations beyond the death of the supporting parent are commonly enacted to soften the harsh result of disinheritance after divorce.[5]

Further, the trial court could have reasonably inferred a change in Deborah's needs between the time of the last support order and the date of her father's death. Two and one-half years had elapsed between the time of the last support order and the decision on the modification petition. Not only was Deborah older, with commensurate increased[6] expenses but also the cost of living had increased.

The existence of social security payments is analogous to situations in which a supported child earns extra money at a job, but not enough to give the child emancipated status.

"A decline in the child's needs due to income from other sources may be

---

child support, the payments must be considered in determining an appropriate level of support." *Gibson*, 313 N.W.2d at 181.

4.  *See* § 31–1–11.5–12(a)(2).
    "[T]he broader purpose of a support award, within the limitation of available resources, is to provide for minor children the standard of living they would have enjoyed had the marriage not been dissolved." *Wendorf v. Wendorf*, 174 Ind.App. 172, 366 N.E.2d 703, 705 (1977). *See In re Marriage of McDonald*, 415 N.E.2d 75 (Ind.App.1981).

5.  The Illinois Court of Appeals, referring to a statute comparable to Ind.Code § 31–1–11.5–17, summarized the policy of the provision succinctly:
    "As the supreme court explained in *Kujawinski v. Kujawinski*, (1978), 71 Ill.2d 563, 17 Ill.Dec. 801, 376 N.E.2d 1382, this section guarantees the dependent minor child of divorced parents from loss of support through disinheritance. While the court acknowledged that a divorced parent is free to disinherit a child of his divorced marriage, it concluded that under this section, he may do so only subject to the limited obligation of support."

*In re Marriage of Dulyn*, 89 Ill.App.3d 304, 44 Ill.Dec. 622, 628, 411 N.E.2d 988, 994 (1980). *See Halas v. Executor of the Estate of Halas*, 112 Ill.App.3d 940, 68 Ill.Dec. 411, 445 N.E.2d 1264 (1983); Uniform Marriage & Divorce Act § 316, Commissioner's note, 9A U.L.A. 185 (1979).

6.  See *Crowe v. Crowe*, 247 Ind. 51, 211 N.E.2d 164 (1965) (the court found that the passing of time alone allowed for an inference that a change in conditions had taken place).
    The Estate's argument that the "proper level of support" was "fixed" by the trial court in the support order is not convincing. The court in *Meehan v. Meehan*, 425 N.E.2d 157 (Ind.1981) stated the law: "[T]he fact that a child support order has been entered pursuant to the terms of a settlement agreement, even where, as here, it is intended as forever determinative by the parties, is of no consequences to the question whether the order should subsequently be modified." 425 N.E.2d at 160.
    In ordering the support at $100 per month in 1979 the trial court was not necessarily determining the payments would provide Deborah with an appropriate standard of living. The court was required to consider Brummett's ability to pay and other factors unrelated to Deborah's needs.

ground for reducing the award, but the courts seem reluctant to make such reductions unless the existing payments are at a level which is burdensome to the husband. Thus, when the child, though not fully emancipated, works part of the time and earns a substantial income, the courts refuse to reduce child support payments, except where the husband's income is quite small."

H. Clark, Jr., *The Law of Domestic Relations* 502 (1968).

We acknowledge the monthly payments may be considered burdensome to the estate in that they may require a delay in settling the estate, though, alternatively, the Estate may set aside a sum to secure the obligation. Nevertheless, at the same time, the dependent child is statutorily deprived of any future increases in support regardless of how necessary the increase might otherwise be. Finally, a one hundred dollar per month payment is not unduly burdensome to a hundred thousand dollar estate.

The legislature considered in Ind.Code § 31–1–11.5–17(b) that instances would arise in which it would be unjust and inappropriate to require an estate to continue the support payments ordered of the deceased. However, in the instant case the trial court had before it relevant information regarding the value of the estate, the resources available to the custodial parent and the supported child, the age of the child, and the terms of the support obligation. The court could reasonably have found that it would be neither just nor appropriate to modify the support order. According great weight to the trial judge's discretion in matters of this nature, we affirm the trial court's decision.

BUCHANAN, C.J., and SULLIVAN, J., concur.