**In re the Marriage of Loren C. MEANS, Appellant, (Respondent Below),**

v.

**Sally S. MEANS, Appellee, (Petitioner Below).**

No. 02A03–8611–CV–00325.

Court of Appeals of Indiana, Third District.

Aug. 10, 1987.

Daniel M. Graly, Thomas J. Markle, Barrett & McNagny, Fort Wayne, for appellant.

James E. Springer, P.C., Fort Wayne, for appellee.

STATON, Judge.

In the order that dissolved the marriage of Sally and Loren Means, all issues were

resolved except child support. The trial court ordered Mr. Means to pay $77.00 per week for the support of the parties' minor child, plus a quarterly adjustment of 15% of the net profits of a corporation he owned. This order was subsequently modified so that Mr. Means would pay no less than $77.00 nor no more than $300.00 per week. Mr. Means appealed the order attacking only the child support portion of it. The following issues have been presented for our review:

(1) Whether the court below abused its discretion by ordering child support in excess of the county support guidelines; and

(2) Whether the court below erred by ordering a child support payment schedule that is determined by the net profits of a corporation owned by the non-custodial parent.

Affirmed in part, reversed in part.

■■■ Mrs. Means, the appellee, has not favored us with a brief. When this is the case, the appellant will be entitled to relief if *prima facie* reversible error is shown. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286, 289. Yet, it is well known that the determination of child support is a matter within the sound discretion of the trial court. When we apply this standard, a trial court's decision will not be disturbed unless it either represents an abuse of discretion or is contrary to law. *Hunter v. Hunter* (1986), Ind.App., 498 N.E.2d 1278, 1283. Child support orders which are clearly against the logic and effect of the facts and circumstances before the court, including reasonable inferences drawn therefrom, constitute an abuse of discretion. *Id.*

In addressing the merits of the instant appeal, we have the benefit of *Hunter*, *supra*, which contains a thoroughly researched and sound discussion of self-adjusting child support orders. In that case, the husband was an insurance salesman whose income fluctuated wildly. He was ordered to pay child support of $50.00 per week plus 25% of his net, after tax wages, above $205.00 per week, but not to exceed $92.50 per week.

Judge Miller writing for the Court in *Hunter* found that the above mentioned child support order suffered from the following four defects:

1) It does not give due regard to the actual needs of the child;

2) it does not consider the non-custodial parent's financial means in relation to the other three factors required to be considered under our statute;

3) it produces an amount of support that is speculative and changing; and

4) it may cause administrative and enforcement problems or encourage animosity and additional litigation by the parties because they did not request or agree to the order fashioned by the trial court.

*Id.* at 1288.

■■■ Like the order in *Hunter*, the instant child support order is a function solely of the non-custodial parent's ability to pay, which is only one of the four considerations mandated by West's AIC 31-1-11.5-12(a) (Supp.1987). That statute requires that the trial court consider at least three other factors when determining the needs of the child (financial resources of the custodial parent, standard of living the child would have enjoyed if there were no divorce, and physical and mental condition of the child). We agree with the *Hunter* court which reasoned that a self-adjusting support order based only on the earnings of the father is improper since such a support obligation depends on future facts and circumstances materially different from the present evidence. Too, a support order like the one here, which could range from $300.00 to $77.00 per week, does not provide the child or the custodial parent with much consistency. The lack of regular support payments not only makes planning for the child's needs more difficult, but the uncertainty opens the door to possible evasiveness by the non-custodial parent with the accompanying administrative and enforcement problems.

For these reasons, the trial court abused its discretion by basing its order for child support payments on a percentage of a

corporation's earnings. We reverse that portion of the trial court's judgment dealing with child support and remand so that a fixed amount can be ascertained which will meet the needs of the child.

HOFFMAN, J., concurs.

GARRARD, P.J., concurs in result.