Daryl **STIERWALT**, Appellant,

v.

Amanda Ranae **DYER**, by next friend,
Karen J. **COLE**, Appellee.

No. 67A01–8806–CV–199.

Court of Appeals of Indiana,
First District.

Dec. 22, 1988.

Bruce MacTavish, Boren & Oliver, Martinsville, for appellant.

Delbert Brewer, Greencastle, for appellee.

ROBERTSON, Judge.

The respondent-appellant Stierwalt appeals from a trial court ruling which modified an order for child support from $35 a week to $64 a week. Restated, the issue is whether the trial court abused its discretion in raising the amount of support by relying solely upon the Indiana Child Support Guidelines in the absence of evidence of those factors specified in IND.CODE 31–1–11.5–12(a)(1–4). A review of the record shows that there was no evidence of adversely changed circumstances of either parent or the child. The order modifying the support clearly indicates that the modification resulted from an application of the guidelines.

By way of background, Congress mandated the several states establish statewide guidelines for child support. 42 U.S.C.A. § 667 reads in pertinent part:

(a) Establishment of guidelines: method
Each State, as a condition for having its State plan approved under this part, must establish guidelines for child support award amounts within the State. The guidelines may be established by law or by judicial or administrative action.

(b) Availability of guidelines: binding nature
The guidelines established pursuant to subsection (a) of this section shall be made available to all judges and other officials who have the power to determine child support awards within such State, but need not be binding upon such judges or other officials.

In early 1985, the Indiana Department of Public Welfare and the Governor's Commission on Child Support asked the Judicial Reform Committee of the Judicial Conference of Indiana to prepare the support guidelines for Indiana and they complied. Portions of the Indiana Child Support Guidelines which are applicable to this appeal are:

CAVEAT

The "Child Support Guidelines" have been prepared to assist Indiana's trial court judges with their responsibilities in setting child support. They have not been endorsed by the Indiana Supreme Court and should not be considered as authoritative statements concerning child

support. The Guidelines were prepared by the Judicial Reform Committee of the Judicial Conference of Indiana and reflect the views of the committee members.

\* \* \* \* \* \*

## IV. MODIFICATION

The provisions of a child support order may be modified only if there is a substantial and continuing change of circumstances. If application of the Guidelines would result in a new order that is less than a ten percent (10%) difference, then this is not considered a substantial and continuing change of circumstances.

## V. FEDERAL STATUTES

These guidelines have been drafted in an attempt to comply with, and should be construed to conform with applicable federal statutes.

 I.C. 31–1–11.5–17 controls the modification of child support orders. Modification is permissible only upon a showing of changed circumstances so substantial and continuing as to make the terms of the previous order unreasonable. Traditional examples of changed circumstances have included a change of custody, *Rice v. Rice* (1984), Ind.App., 460 N.E.2d 1228; injury and bankruptcy, *Kruse v. Kruse* (1984), Ind.App., 464 N.E.2d 934; and educational expenses, *Martin v. Martin* (1986), Ind., 495 N.E.2d 523.

In considering the role of the guidelines in the context of this appeal, we are of the opinion that the utilization of such guidelines, standing alone, does not comply with the statutory command which makes a showing of changed circumstances in modifying child support orders absolutely mandatory. We would further add that this opinion should not be construed in a manner which would prohibit use of the guidelines in setting the amount of support in the initial order made pursuant to I.C. 31–1–11.5–12, or in setting the amount of support in modified orders when changed circumstances are adequately demonstrated. However, until the appropriate legislative or judicial authority commands to the contrary, we must adhere to the law set forth at I.C. 31–1–11.5–17 and require evidence of changed circumstances before a child support order may be modified.

Judgment reversed as to the modification of support.

RATLIFF, C.J., and HOFFMAN, J., concur.