**Linda S. BLICKENSTAFF, Appellant,**

v.

**Kenneth L. BLICKENSTAFF, Appellee.**

**No. 79A02–8710–CV–424.**

Court of Appeals of Indiana,
Second District.

June 5, 1989.

Rehearing Denied July 10, 1989.

Phillip R. Smith, Smith, Helmerick & Smith, Lafayette, for appellant.

Carolyn S. Holder, Lafayette, for appellee.

SULLIVAN, Judge.

Linda S. Blickenstaff (Linda) appeals the denial of her petition to increase the amount of child support and the order which permitted Kenneth L. Blickenstaff (Kenneth) to select, at his sole discretion, four consecutive weeks during the summer months for custodial visitation. Linda also challenges the court's determination that she was in contempt for failure to honor the visitation rights of Kenneth and that she could purge that contempt by strictly complying with the modified visitation provisions of the order. In addition, Linda claims error in requiring her to provide health insurance for the children and in permitting Kenneth to claim the tax deduction for two of the children.

We reverse in part and affirm in part.

## I VISITATION MODIFICATION

■ As to the visitation modification, Linda does not challenge the four consecutive week visitation during the summer. As she stated, "I really feel that it's the children's right. It's what they want." Record at 112. The bone of contention is that Kenneth has the unbridled discretion to pick any four contiguous weeks during the summer and Linda cannot object with-

out being in violation of the contempt purge order.

Be that as it may, Linda has not persuaded us that the order is an abuse of discretion. This of course assumes that in exercising his discretion, Kenneth gives Linda sufficient notice prior to the selection of the four-week period to permit Linda to make suitable arrangements not only for the children to be available for that period but also to permit her to plan her own vacation period with the children. It also presupposes that the time and manner of the visitation period selection will not be adverse to the best interest of the children. *See Swartzel v. Swartzel* (1986) 4th Dist. Ind.App., 492 N.E.2d 71.

## II CONTEMPT

■ Although Linda was found in contempt for sending or permitting one of the children to go to Texas without prior court authorization, thereby infringing upon Kenneth's visitation privileges, no sanction was imposed. The court merely directed that the contempt would be purged by Linda's compliance with Kenneth's modified visitation rights.

Unless set aside or further modified, the visitation rights afforded Kenneth by the order in question would have to be honored in any event. The contempt purge directive requires Linda to do nothing more than what the law requires her to do. *See Stetina v. State ex rel. Medical Licensing Board* (1987) 2d Dist.Ind.App., 513 N.E.2d 1234, 1239.

## III DENIAL OF SUPPORT INCREASE

At the time of the dissolution decree in 1983, by agreement of the parties, Kenneth was ordered to pay support in the amount of $25 per week for each of three minor children then aged 1, 5 and 12. At that time Linda was not employed outside the home. Kenneth was a teacher in the Lebanon school system earning approximately $16,000 per year.

At the time of the hearing here involved, 1987, Linda was employed with a net weekly income of $180–$190. Kenneth had become a practicing attorney as of October, 1986, in addition to holding a real estate license as well as his teaching license. In 1987 he was staff counsel to the Indiana State Board of Accounts earning approximately $24,314 per year. Kenneth had remarried in January, 1984. His current wife, having a real estate license, was employed but, at the time of the hearing, was expecting their child. Kenneth had a law school student loan debt and had an additional source of income of $25 per month from property ownership. The undisputed evidence as to Linda's monthly budget reflected necessary expenses of $1053. The total support paid by Kenneth at $25 per week, per child, approximated $300 per month.

■ A request for a support reduction or increase must be considered in the light of I.C. 31–1–11.5–17 (Burns Code Ed.Repl. 1987) which requires that there be changed circumstances so substantial and continuing as to make the original support amount unreasonable.

Clearly, and as conceded by Linda, a disparity in the respective incomes of the parties and/or an increased ability of the non-custodial parent to pay more in support, will not of themselves justify an order for increased support. *Means v. Means* (1987) 3d Dist.Ind.App., 511 N.E.2d 323; *Hunter v. Hunter* (1986) 4th Dist.Ind.App., 498 N.E.2d 1278; *Branstad v. Branstad* (1980) 1st Dist.Ind.App., 400 N.E.2d 167; *But cf. In Re Marriage of Ferguson* (1988) 1st Dist.Ind.App., 519 N.E.2d 735; *Patrick v. Patrick* (1988) 1st Dist.Ind.App., 517 N.E.2d 1234.

Neither is it permissible to determine the merits of a support modification petition solely upon the needs of the children. *Halum v. Halum* (1986) 3d Dist.Ind.App., 492 N.E.2d 30. The court must consider the totality of the circumstances. *McCallister v. McCallister* (1986) 2d Dist.Ind.App., 488 N.E.2d 1147.

It is apparent upon review, that the respective financial position of the parties, as well as the vastly increased earnings and potential earnings of Kenneth would indicate the propriety of a support increase,

assuming that other factors do not militate against such increase. *See Holman v. Holman* (1985) 3d Dist.Ind.App., 472 N.E. 2d 1279, 1286.

To be sure, automatic support adjustment factors, such as the Consumer Price Index are appropriate but trial courts are not mandated to grant an automatic adjustment. *Howard v. Reeck* (1982) 2d Dist.Ind. App., 439 N.E.2d 727.

Although it may not be totally appropriate for a court to recognize a particular rate of inflation at a particular time without some authoritative recorded source of the information, it is certainly appropriate for the court to acknowledge that over a given period the general cost of living has or has not increased. *See* 29 Am.Jur.2d *Evidence* § 78 (1967); 31A C.J.S. *Evidence* § 101 (1964). This is nothing more than expecting the court to utilize its "everyday knowledge of facts in general." *Belcher v. Buesking* (1978) 3d Dist., 175 Ind.App. 322, 371 N.E.2d 417, 420.

It is apparent that the trial court did not utilize this information in exercising its discretion. It would seem that such consideration was virtually required by the necessity to take into account the totality of the circumstances. It is further apparent that the court did not consider the truism acknowledged in *Crowe v. Crowe* (1965) 247 Ind. 51, 55, 211 N.E.2d 164, 166–67:

"We judicially know that it takes more to support a child of ten years of age than it does one of nine months of age when the original order was made. Such a change in costs in the support of a child after ten years is a matter of common knowledge, ignoring any increase in the index registering the cost of living during the period of approximately ten years. We feel after a period of ten years, time alone has created a change in conditions as it affects support payments for a growing child to warrant a court to consider a petition for modification. *Arnold v. Arnold* (1947), 332 Ill.App. 586, 76 N.E.2d 335, 18 A.L.R.2d 1."

■ To be sure, this factor alone does not mandate an increase in support. It is, however, like the cost of living increase and the relative financial position of the parties, part of the totality of circumstances which must be considered. As we stated in *Estate of Brummett v. Brummett* (1984) 2d Dist.Ind.App., 472 N.E.2d 616, 619:

"Further, the trial court could have reasonably inferred a change in Deborah's needs between the time of the last support order and the date of her father's death. Two and one-half years had elapsed between the time of the last support order and the decision on the modification petition. Not only was Deborah older, with commensurate increased expenses, but also the cost of living had increased."

■ The trial court adopted, in toto, the proposed order submitted by Kenneth. In denying Linda's request for support modification, the court merely stated:

"There has been no substantial change in circumstances since the entry of the decree warranting an increase in the payment of child support by the husband. Accordingly, the wife's petition to modify the dissolution decree to increase child support is hereby denied." Record at 48.

We therefore are not apprised as to why the court rejected or failed to consider the factors present in this case which comprise the totality of the circumstances. To the contrary, it would seem that a different conclusion is indicated.

It is apparent upon review that Kenneth's increased earnings, the additional expense associated with older children, and the increased cost of living, coupled with the minimal amount of the original support order, are factors which compel the conclusion that an increase in Kenneth's support is appropriate and a decrease in his support is not.

Linda's increase in financial resources from $3,900 per year to $13,500 must also be considered, however. In this particular factual situation, her improved circumstances are of minimal significance.

Linda's monthly budget reflected necessary expenses of $1,053 for herself and the parties' three children. Her average net

weekly pay of $185 per week or approximately $802 per month, is supplemented by $325 per month in child support for a total sum of $1127. Except for $74 per month, every cent of Linda's income is committed to her support and that of the children. In contrast, Larry's net monthly pay is $1,466 which, after his support payment, leaves him $1,141 per month for his personal expenses. This amount exceeds Linda's entire monthly budget for herself and three children.

In light of the evidence of record and the indisputable facts commonly known or easily ascertainable, it is clear that the court did not exercise its discretion in an appropriate contemplative manner. As in *Halum v. Halum, supra,* 492 N.E.2d 30, we cannot speculate that the court would have reached the same conclusion had it considered all of the applicable factors.

## IV TAX DEDUCTION AND HEALTH INSURANCE

█ Linda questions the court's determination that "based on the economic circumstances of the parties, the husband should have the right to claim the two younger children ..." as dependents for tax purposes. Record at 48.

So long as Kenneth meets the requirements of the Internal Revenue Code, his claim of the dependency exemption is appropriate. *See* I.R.C. § 152(e); *Hiland v. Hiland* (1984) 3d Dist.Ind.App., 467 N.E.2d 1253, *trans. denied; Jahn v. Jahn* (1979) 1st Dist., 179 Ind.App. 368, 385 N.E.2d 488.[1]

Accordingly, we find no basis upon which to hold the modification order to be an abuse of discretion as to the tax deduction provision.

█ Although the trial court denied Linda's petition to increase support upon grounds that there had not been a substantial change of circumstances sufficient to render the original support order unreasonable, it nevertheless apparently found a substantial change in circumstances sufficient to decrease the Husband's support. The trial court relieved Kenneth of his obligation to carry health care coverage for the children and imposed that obligation upon Linda. The sole "substantial change in circumstances" found by the court was that such coverage was available through Linda's employment. We hold as a matter of law that such circumstance does not in and of itself demonstrate that requiring the Husband to continue to carry health insurance coverage is unreasonable. Therefore, we reverse the trial court's determination in this regard.

For the reasons herein stated, we reverse and remand with instructions to reconsider the petition for support modification in the light of the totality of the circumstances and in the light of this opinion. In all other things, the judgment is affirmed.

SHIELDS, P.J., and MILLER, J., concur.

---

1. We observe, however, that the modification decree in question, giving Kenneth the deduction, was entered in 1987. It appears that the Internal Revenue Service honors such decrees only if entered prior to 1985. 33 Am.Jur.2d *Federal Taxation* §§ 1138, 1140 (1987). Suffice it to say that the right of either party to claim a child or children as a dependent is governed by the Internal Revenue Code.