Herman BILLINGS, Appellant
(Defendant Below),

v.

Regina BILLINGS, Appellee
(Plaintiff Below).

No. 87A01–9006–CV–243.

Court of Appeals of Indiana,
First District.

Oct. 10, 1990.

Michael H. Hagedorn, Tell City, Richard T. Ford, P.S.C., Owensboro, Ky., for appellant.

S. Anthony Long, Phillips and Long, A Professional Corporation, Boonville, for appellee.

ROBERTSON, Judge.

Herman Billings (Herman) appeals from the grant of his former wife's petition to modify child support. Regina Billings (Regina) petitioned the trial court to increase the amount of weekly child support paid by Herman for their daughter because a material change in circumstances had occurred in that the minor child was older, thereby requiring additional sums for her care and support. Regina also sought modification of the original $40.00 per week support obligation to include insurance benefits for the care of the child. Herman claims the trial judge erroneously increased the support obligation to $95.00 per week.

We affirm.

## FACTS

The facts reveal that the trial court dissolved the marriage between Regina and Herman on March 23, 1983 and allowed Regina to have custody of their daughter, subject to reasonable visitation from Herman. The trial court ordered Herman to pay child support in the amount of $40.00 per week together with all reasonable and necessary medical, dental, and optometric expenses incurred for the benefit of the child. In July of 1989, Regina petitioned the court to increase the amount of weekly child support to reflect the increased age of the child and also to require Herman to pay for medical, dental, and optometric insurance benefits for the child.

The trial court found that a material change in circumstances had occurred since the time of the original support order and granted Regina's petition. In consideration of Herman's ability to earn income, the court set his child support obligation at the amount of $95.00 per week in November of 1989. This amount included the amount withheld from Regina's pay for insurance for the care of the minor child; however, Herman was to pay for all medical, dental, optometric, and pharmaceutical expenses incurred for the benefit of the child which were not covered by this insurance.

The evidence which supports the modification order reveals that Herman was employed as a journeyman electrician with pay of $10.00 to $12.00 per hour at the time of the divorce. He quit this job after the divorce and worked at approximately one-half of that pay until he and his new wife started their own business in their garage. The business paid Herman's $40.00 per week child support obligation just like any other bill. The business also paid for the couple's utility bills and part of the grocery bill. As a result, the business had gross sales in 1988 of over $80,000.00 but also had slightly higher cost of goods sold, which caused the business to experience a net loss rather than a net profit.

## I.

Did Regina meet her burden of proof for modification of child support with evidence of the increased age of the child and in light of the amount of income Herman had earned both at the time of the original decree and in the years before modification?

The trial court may modify a support order only upon a showing of changed circumstances so substantial and continuing as to make the previous terms unreasonable. IND.CODE 31–1–11.5–17(a). This court will reverse the decision of the trial court only for an abuse of discretion from a view of the evidence most favorable to the trial court's determination. *McCallister v. McCallister* (1986), Ind.App., 488 N.E.2d 1147, 1152.

Six years after the trial court set the original $40.00 per week child support

obligation, Regina petitioned for an increase to reflect the increased age of the child because the child needed additional sums for her care and support. In consideration of Herman's ability to earn income, the trial court increased his support obligation to $95.00 per week. Regina's 1983 verified Petition for Dissolution of Marriage affirms that the minor child produced by their marriage was born on August 4, 1980. The child therefore was two years of age at dissolution and was nine years of age at the time the trial court ordered the increased child support.

Herman urges that the increased age of the child does not support an increase in his support obligation. However, the Supreme Court of Indiana has decided differently:

> It is also urged that the only change in conditions shown by the evidence is that of time, now approximately ten years, and that time alone cannot be used as a basis for a change in the support order. We do not agree with this contention. We judicially know that it takes more to support a child of ten years of age than it does one of nine months of age when the original order was made. Such a change in costs in the support of a child after ten years is a matter of common knowledge, ignoring any increase in the index registering the cost of living during the period of approximately ten years. We feel after a period of ten years, time alone has created a change in conditions as it affects support payments for a growing child to warrant a court to consider a petition for modification.

*Crowe v. Crowe* (1965), 247 Ind. 51, 55, 211 N.E.2d 164, 166–167 (citations omitted). The increased age of the minor child, with its concomitant increase in sums necessary for care and support, is sufficient to affirm the increase in Herman's support obligation due to changed circumstances.

■ Moreover, when confronted with a petition to modify a support order, the trial court must consider the totality of the circumstances involved in order to ascertain whether the modification is warranted. *Hiland v. Hiland* (1984), Ind.App., 467 N.E.2d 1253. The financial resources of both custodial and noncustodial parents are relevant in child support modification determinations and should be included in the totality of the circumstances to be considered when an award is made. *Id.*

The above recited facts reveal that the trial court could justifiably have determined Herman had quit a lucrative job and was voluntarily underemployed. *See* Indiana Child Support Guidelines, Support Guideline 3(A)(3), explained fully in the next section of this decision. In addition, Regina had paid insurance benefits for the minor child although Herman was obligated to pay expenses for the child's medical, dental, optometric expenses by the original support decree. The totality of the circumstances shows the court increased Herman's support obligation because he was able to pay the increase. The trial court increased support not only to benefit the child in light of her increased needs but also to reflect the amount withheld from Regina's paycheck for the child's insurance benefits. We cannot say the determination of the trial court with respect to increased child support was improper.

## II.

■ Did the trial court erroneously consider the

> contents of Herman's 1981 Federal Income Tax Return and Regina's child support guideline worksheet as evidence of Herman's earning ability and employment potential?

As noted above, the trial court dissolved the marriage between Regina and Herman on March 23, 1983. Herman alleges error in the admission of his 1981 Federal Income Tax Return and of Regina's child support calculations at the 1989 hearing on Regina's Petition to Modify Support.

However, the trial court was required to consider the totality of the circumstances involved in order to ascertain whether modification of the child support obligation was warranted, and Herman's financial resources were relevant to that consideration. *Hiland, supra,* 467 N.E.2d at 1255. In addition, the Indiana Child Support Guidelines provide that if a parent is volun-

**556**

tarily unemployed or underemployed, child support shall be calculated based on a determination of potential income. Potential income shall be made by determining employment potential and probable earnings level based on the obligator's work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community. Child Supp. G. 3(A)(3).

■ Herman's 1981 Federal Income Tax Return and Regina's child support guideline worksheet were relevant to the determination of his potential income. They served as pieces of evidence with regard to his work history, and they reflected upon his employment potential and probable earnings level. As noted above, the trial court could justifiably have determined Herman had quit a lucrative job and was voluntarily underemployed. The trial court therefore properly included the tax return and the guideline in its consideration of the totality of the circumstances when it determined the proper amount of increased support due the minor child. A determination of Herman's earning potential, as reflected in the tax return and in Regina's child guideline worksheet, support the determination of the trial judge that Herman could have earned much more than his own records reveal he has made since he quit his lucrative job as a journeyman electrician. The trial judge committed no error when he admitted these documents and considered their contents.

Judgment affirmed.

BAKER and CONOVER, JJ., concur.