Terry Lee **VORE, Appellant (Petitioner),**

v.

Dana Lorraine **VORE, Appellee (Respondent).**

No. 34A02–8909–CV–475.

Court of Appeals of Indiana, Second District. '

Dec. 4, 1990.

William E. Beck II, Martin and Beck, Kokomo, for appellant.

Mark A. Ryan, Williams & Ryan, Kokomo, for appellee.

SHIELDS, Judge.

Terry Vore appeals the modification of a child support order.

We affirm in part and reverse in part.

## ISSUES

1. Whether the trial court abused its discretion when it modified the original support order.

2. Whether the trial court erred when it ordered Terry to pay one-half of the children's educational expenses.

## FACTS

The facts most favorable to the trial court's judgment reveal that Terry's marriage to Dana was dissolved on September 1, 1978. At the time of the dissolution, the parties' children were seven and three years old. The original decree of dissolution provided child support of $40 per week per child, and did not provide college education expenses for either child.

On July 22, 1988 Dana filed a petition to modify the original decree requesting financing for the children's post-high school education and an increase in Terry's weekly child support payments.

On November 7, 1988 the trial court increased Terry's child support obligation to $160 per week per child and ordered Terry to pay one half of the educational expenses incurred by the children in the event they pursued post-secondary studies.

The judgment entered by the trial court provides:

Court, having heard the testimony and considered the evidence presented as to the Motion to Modify Support filed by Dana Lorraine Vore by counsel George A. Hopkins, does hereby find the following to-wit:

1. That the minor children of the parties, Wendy Lee and Adam Vore, are now 17 years of age and 13 years of age respectively;

2. That they reside with their mother and are still in school;

3. That since 1978, payments of $80 per week have been made by Terry Lee Vore for the support of the above-named children;

4. That the Court takes judicial notice that it takes more to support children of 17 years and 13 years of age than it did to support them at 7 years and 3 years of age;

5. That Terry Lee Vore has a gross bi-weekly income of $1,733.00 and an incentive bonus of $1600.00;

6. That other information as to the income of Terry Lee Vore as to taxes, deductions, etc. was not supplied to the Court for consideration as to adjusted disposable income;

7. That Dana Lorraine Vore, the custodial parent, has a bi-weekly adjusted disposable income of $842.45;

8. That the Court finds the weekly support order should be raised to the sum of $160.00 per week for the children of the marriage;

9. That the support order shall continue until each child reaches 21 years of age unless the child is emancipated prior to reaching 21 years of age, in which case the child support, except for edu-

cational needs, terminates at the time of emancipation, pursuant to I.C. 31–1–11.-5–12;

     \*     \*     \*     \*     \*     \*

11. That in the event the children of the marriage enter post-secondary school education, i.e. college or trade schools, that Defendant shall be responsible to pay one-half of the tuition, dormitory fees, and books, less any scholarships, grants or loans obtained by the student;
. . .

Record at 52.

Terry appeals.

## DISCUSSION

### I.

■ ·Terry argues the evidence fails to demonstrate a change in circumstances since the time of the initial decree, and therefore, the trial court should not have modified the child support order.[1] Dana responds that ten years had elapsed since the initial decree, and therefore, the evidence was sufficient to support the trial court's decision.

In support of her contention the passage of time and the increased age of the children results in the substantial and continuing change contemplated by the statute, Dana relies upon *Crowe v. Crowe* (1965), 247 Ind. 51, 211 N.E.2d 164, which in part states:

It is also urged that the only change in condition shown by the evidence is that of time, now approximately ten years, and that time alone cannot be used as a basis for a change in the support order. We do not agree with this contention. We judicially know that it takes more to support a child of ten years of age than it does one of nine months of age when the original order was made. Such a change in costs and the support of a child after ten years is a matter of common

knowledge, ignoring any increase in the index registering the cost of living during the period of approximately ten years. We feel after a period of ten years, time alone has created a change in conditions as it affects support payments for a growing child to warrant a court to consider a petition for modification.

*Crowe*, 211 N.E.2d at 166–67.

Although the supreme court's decision in *Crowe* was made in 1965, before the current statutory scheme requiring "substantial and continuing" changed circumstances was in place, its viability continues as evidenced by its continued use as authority in cases decided under the current statutory scheme. For example, *Hunt v. Hunt* (1984), Ind.App., 465 N.E.2d 203, addressed the trial court's grant of a petition to modify the amount of court-ordered support. In response to the father's argument that there was no evidence of a change in economic circumstances of the parties or that the child needed support, this court quoted extensively from *Crowe* including the statement:

We judicially know that it takes more to support a child of ten years of age than it does one of nine months of age when the original order was made. Such .a change in costs in the support of a child after ten years is a matter of common knowing, ignoring any increase in the index registering the cost of living during the period of approximately ten years. We feel after a period of ten years, time alone has created a change in conditions as it affects support payments for a growing child to warrant a court to consider a petition for modification.

*Hunt*, 465 N.E.2d at 207 (quoting *Crowe* ).

The principle in *Crowe* was also recognized in *Estate of Brummett v. Brummett* (1984), Ind.App., 472 N.E.2d 616. The *Brummett* court acknowledged:

[T]he trial court could˙have reasonably inferred a change in [the child's] needs

---

**1.** Modification of child support orders are authorized by IC 31–1–11.5–17(a), which, at the time of the modification provided:

    Provisions of an order with respect to child support or an order for maintenance ordered under Section 9(c) of this chapter may be

modified or revoked. Such modification shall be made only upon *a showing of changed circumstances so substantial* and continuing as to make the terms unreasonable. IC 31–1–11.5–17(a) (1988) (emphasis added).

between the time of the last support order and the date of her father's death. Two and one-half years had elapsed between the time of the last support order and the decision on the modification petition. Not only was [the child] older, with commensurate increased expenses, but also the cost of living had increased.

472 N.E.2d at 619 (footnote omitted).

A casual reading of *Blickenstaff v. Blickenstaff* (1989), Ind.App., 539 N.E.2d 41, might cause the reader concern about the viability of *Crowe.* However, that concern is unjustified. *Blickenstaff* involves a trial court's denial of a custodial mother's petition to increase child support. In reversing the trial court, this court stated "the truism acknowledged in *Crowe v. Crowe* (1965), 247 Ind. 51, 55, 211 N.E.2d 164, 166–67" standing alone *does not mandate* an increase in support. Thus, *Blickenstaff* stands for the proposition a trial court may not abuse its discretion in denying an increase in support due to the passage of time; it does not stand for the proposition it is an abuse of discretion to *grant* a modification due to the passage of time. This conclusion is substantiated by the fact the *Blickenstaff* court enumerated circumstances, many relating to the passage of time, which a trial court must consider in determining whether to grant a modification. These circumstances include the additional expenses incurred by an older child, the increased cost of living, and the relative financial position of the parties which frequently improves with the passage of time.

Therefore, although *Crowe* was decided under a previous standard for modification, the rationale of *Crowe* has been found valid under the present standard of substantial and continuing change in circumstances and remains binding precedent.

■ In the instant case, the trial court's judgment increasing Terry's support obligation is supported by the trial court's judicial notice of the economic inflation that has occurred over the last ten years, an appropriate consideration under *Blickenstaff,* by the additional costs incurred with the advance in age of the children, by the evidence of the relatively improved financial position of the parties, and by the significant difference between the amount of support paid and the amount prescribed by the trial court's child support guidelines. While the difference between the existing support order and the guideline amount could not, standing alone, establish the required continuing and substantial change in conditions,[2] the difference between the two amounts is evidence the trial court could properly consider.

The trial court did not err in increasing the amount of Terry's court ordered child support.

## II.

■ Terry contends the trial court did not consider whether the children had the aptitude or ability to pursue college education, and therefore the trial court should not have ordered him to pay one half of the expenses. Dana replies that the evidence supports the trial court's order.

The child support order may also include, where appropriate:

(1) sums for the child's education in elementary and secondary schools and institutions of higher learning, *taking into account the child's aptitude and ability* and the ability of the parent or parents to meet these expenses;

IC 31–1–11.5–12(b) (1988) (emphasis added).

"The statute clearly contemplates, however, that the trial court, upon proper petition by a party, will conduct a comprehen-

---

**2.** The trial court used its own child support guidelines to determine the amount of Terry's support obligation. However, these guidelines, which predated the Indiana Child Support Rules and Guidelines effective October 1, 1989 by our Supreme Court may not be used absent a showing of a substantial change in circumstances. *Stierwalt v. Dyer* (1988), Ind.App., 531 N.E.2d

1213. However, IC 31–1–11.5–17 (Supp.1990) provides the trial court may modify a support order if it differs more than 20% from the amount that would be ordered by the guidelines. This amendment, however, was effective July 1, 1990, and has no applicability to this case.

sive analysis of the factors enumerated in I.C. 31–1–11.5–12, *prior* to its order directing payment of college expenses." *Giselbach v. Giselbach* (1985), Ind.App., 481 N.E.2d 131, 134 (emphasis in original).

At the hearing on Dana's petition, no evidence concerning the aptitude or ability of the parties' children was introduced. The record does not reflect any desire of the children to attend college other than the assertion in Dana's petition that the children would pursue education beyond high school. Since no evidence of the children's aptitude or ability was introduced into evidence, the trial court could not have taken these factors into account when determining the award of educational expenses.

Judgment affirmed as to the modification for child support and reversed as to the modification for college expenses. Costs taxed one-half to each party.

CHEZEM, J., concurs.

BUCHANAN, J., concurs in part and dissents in part with separate opinion.

BUCHANAN, Judge, concurring in part and dissenting in part.

I fully concur with the majority's treatment of the second issue, but I must respectfully dissent from the affirmance of the trial court's decision to modify the child support order.

The *only* change in circumstances relied upon by the trial court was the fact that ten years had passed since the original decree had been issued (Finding # 4). The trial court simply *assumed* a *substantial* change in circumstances had occurred. There is no evidence to that effect.

The supreme court's decision in *Crowe v. Crowe* (1965), 247 Ind. 51, 211 N.E.2d 164, was decided before the current statutory scheme requiring "substantial and continuing" changed circumstances was in place. At the time of that decision, the general rule was that a trial court could modify a custody or support decree "at any time during the dependency of the children, as the circumstances of the parents may require and in order best to serve the interests and welfare of the children involved." *Haag v. Haag* (1959), 240 Ind. 291, 298, 163 N.E.2d 243, 245.

In 1973, the current statute, Ind.Code 31–1–11.5–17 (1988), was enacted. As the statute now requires a *substantial* change in circumstances to justify a modification, the rule enunciated in *Crowe*, that time *alone* was a sufficient change in circumstances to justify modification, is no longer valid. *Crowe* is not on point.

While I agree that the passage of time may be a *factor* the court may consider when determining whether a substantial change in circumstances has occurred, *see Blickenstaff v. Blickenstaff* (1989), Ind. App., 539 N.E.2d 41; *Estate of Brummett v. Brummett* (1984), Ind.App., 472 N.E.2d 616; *Hunt v. Hunt* (1984), Ind.App., 465 N.E.2d 203, standing alone the passage of time is not sufficient. *See Blickenstaff, supra.*

An examination of the record reveals no other change in circumstances that could be used to bolster the trial court's decision. Dana was not even present at the hearing, and she gave no evidence as to any specific changes in the cost of raising the children whatsoever. While evidence of both Terry's and Dana's income was introduced, there was *no evidence* as to what the parties' income was at the time of the dissolution; therefore Dana failed to establish that Terry's income had improved at all. There really was no evidence of *any* change other than the passage of time with its attendant inflation.

The majority also suggests that modification is warranted because of the difference between the original child support award and the amount that would be awarded pursuant to the Ind. Rules of Procedure, Child Support Guidelines. This court, however, has specifically rejected the proposition that such a difference constitutes a substantial change in circumstances. *Stierwalt v. Dyer* (1988), Ind.App., 531 N.E.2d 1213. The Guidelines are to be used only *after* a determination has been made that

circumstances have substantially changed. *Id.*[1]

As there was not even a *scintilla* of evidence of actual changed circumstances presented to the trial court, the trial court's assumption that circumstances had changed *substantially* is unsupported.

Even if the trial court could properly conclude a substantial change in circumstances had occurred, modification is, nevertheless, unwarranted. The modification statute provided that the change in circumstances must be "so substantial and continuing *as to make the terms* [of the original child support order] *unreasonable.*" IC 31–1–11.5–17(a) (1988) (emphasis supplied).

The statute does not provide that *all* substantial changes in circumstances necessitate modification, but only those substantial changes that render the original support terms unreasonable. Logically, a decision that the terms of a support order are unreasonable necessarily requires consideration of the present condition of the children and a determination that the present support order fails to satisfy the children's needs.

The record does not support a determination that the terms of the original support order are unreasonable. Nothing suggests that the children's needs are not being met by the original order. As there was absolutely no evidence of children's present condition submitted to the trial court, there was no basis for the trial court's conclusion that the terms of the original order were unreasonable.

I find it somewhat quixotic to come to the aid of a trial court's modification of a support order when there is no evidence of a substantial change in circumstances or that the children's present conditions render the original order unreasonable, accomplishing this result by presuming the passage of time has filled the evidentiary void.

The trial court's judgment should be reversed.

---

1. As IC 31–1–11.5–17 was amended by P.L. 155–1990 to provide for modification if the Guidelines' award differs by more than 20% from the current order, this rule applies only to those modification awards made prior to the July 1, 1990, effective date of the amendment.