**In re the MARRIAGE OF Deborah Downs BROWN, Appellant–Respondent,**

**and**

**Joseph M. Downs, Appellee–Petitioner.**

**No. 70A01–9211–CV–361.**

Court of Appeals of Indiana.
First District.

March 9, 1993.

Rehearing Denied May 20, 1993.

Kevin W. Ault, Rushville, for appellant-respondent.

David A. Malson, Rushville, for appellee-petitioner.

BAKER, Judge.

Respondent-appellant Deborah Downs Brown appeals the trial court's denial of her petition to modify a prior child support order. Opposing Deborah is her ex-husband, petitioner-appellee Joseph Downs. Deborah raises one issue for our review, which we restate as whether the trial court erred when it denied her petition to modify child support.

## STATEMENT OF FACTS

Deborah and Joseph's marriage was dissolved by judicial decree on April 20, 1987. The decree awarded custody of the couple's only child, Michael, to Joseph and ordered Deborah to pay $15.00 per week in child support.

About two years later, the trial court found Deborah in arrearage of approximately $900.00 and ordered a portion of her wages assigned to the Rush County court clerk to ensure timely support payments and to reduce the arrearage.[1] The trial court also increased Deborah's weekly child support obligation from $15.00 to $70.00.

On June 1, 1990, pursuant to the parties' agreement, the trial court modified its 1987 decree and awarded Deborah custody of Michael. Additionally, the trial court voided Deborah's wage assignment order and rescinded her child support obligation, including her arrearage. The modification order also stated that Joseph would not be required to pay child support, although the parties agreed Deborah could petition the trial court for child support beginning in January 1991. Finally, each party agreed to pay one-half of Michael's school expenses, including tuition, books, and clothes.

On June 16, 1991, Deborah filed a child support modification petition asking the trial court to order Joseph to pay child support. At the July 28, 1992 hearing on her motion, Deborah testified that there had been a substantial increase in the parties' incomes since the 1990 modification decree, that Michael's expenses had increased as he became older, that Joseph's child support obligation differed by more than 20% from the amount dictated by the Indiana Child Support Guidelines, and that these circumstances justified a modification of Joseph's child support obligation.

The next day, the trial court denied Deborah's petition on the ground that Deborah had not carried her burden of proving that the existing modification order was unreasonable. This appeal ensued.

## DISCUSSION AND DECISION

IND.CODE 31-1-11.5-17 governs the modification of child support orders. Previously, modification was permissible only upon a showing of changed circumstances so substantial and continuing as to make the terms of the previous order unreasonable. *See Stierwalt v. Dyer by Cole* (1988), Ind.App., 531 N.E.2d 1213. In this case, however, Deborah's modification petition was filed after a significant amendment to I.C. 31-1-11.5-17 took effect. This amend-

---

1. *See* IND.CODE 31-1-11.5-13.

ment, effective July 1, 1990, expands the coverage of I.C. 31–1–11.5–17 and now provides, in relevant part:

> (a) Provisions of an order with respect to child support ... may be modified or revoked. Such modification shall be made only:
>
> > (1) Upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
> >
> > (2) Upon a showing that:
> >
> > > **(A) A party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and**
> > >
> > > **(B) The order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.**

I.C. 31–1–11.5–17 (emphasis added).

At the outset, we note Joseph has failed to address Deborah's arguments that modification is warranted under I.C. 31–1–11.5–17(a)(2)(A) and (B).[2] Accordingly, we will reverse the trial court if Deborah makes a prima facie showing of reversible error. *Downing v. Eubanks* (1990), Ind.App., 557 N.E.2d 1027.

The record reveals Joseph currently earns approximately $365.00 per week. According to the child support obligation worksheet Deborah submitted, Joseph would be obligated to pay $64.00 per week to support Michael.[3] *Record* at 62. In its June 1, 1990 order, however, the trial court failed to impose any child support obligation on Joseph. Clearly, the trial court's order obligating Joseph to pay nothing in child support differs by more than 20% from the $64.00 obligation which would be imposed by the child support guidelines. I.C. 31–1–11.5–17(a)(2)(A). Moreover, Deborah satisfied I.C. 31–1–11.5–17(a)(2)(B) by

filing her modification petition at least one year after the challenged order was issued. By denying any support to Deborah, the trial court deviated from both the Guidelines and I.C. 31–1–11.5–17(a)(2), and was therefore required to articulate its reasons for doing so. *See Boruff v. Boruff* (1992), Ind.App., 602 N.E.2d 180. Thus, the trial court erred by failing to state any reasons for its actions. Accordingly, we are required to remand this case with instructions to the trial court either to award support to Deborah consistent with the Guidelines or to set forth its rationale for any deviation.

Remanded.

SHARPNACK, C.J., and NAJAM, J., concur.

---

2. In his appellee's brief, Joseph argued exclusively that Deborah failed to show a substantial and continuing change of circumstances so as to make the existing order unreasonable. I.C. 31–1–11.5–17(a)(1).

3. We observe that the Guidelines justify a child support award of $74.00 per week for an obligor with a weekly available income of $365.00. There is no evidence in the record to show that $365.00 per week represents Joseph's "weekly available income"; hence, we accept, and Joseph does not dispute, that his weekly available income corresponds to a weekly $64.00 child support obligation.