**WRIGHT, Gdn v FISHBAUGH et**

Ohio Appeals, 3rd Dist, Van Wert Co

No 123.   Decided Jan 18, 1933

Hoke & Wright, Van Wert, for plaintiff.
Hoke & Wright, Van Wert, B. A. Myers, Celina, and Paul Dudgeon for defendants.

## BY THE COURT

Passing over the question which might well have been raised by any of the parties before submission of the case, but which, was not done, whether the pleadings show a cause of action within the jurisdiction of this court on appeal, and noting that it has been the practice of the court itself to raise the question and to dismiss the appeal sua sponte, if the court finds the case to be not within the provision for appeal as established by §6 of **Article 4 of the Constitution of Ohio,** the court makes an exception of this case because of the manifest wrongfulness of the judgment in the court below. Where none of the parties raises the question of the appealability of the case, it may not be incumbent on the court to consider the point, but it is clearly within the discretion of the court to do so, and it is the opinion of one member of the court, Judge Crow, that such discretion should always be exercised, and the case dismissed by the court whenever prior to the rendition of the judgment of this court, it shall be known to the court without suggestion of a party, that the case is not appealable.

The cause of action, originating as it did in the contract of the parties, which was sanctioned by a court having jurisdiction of the subject matter, obligated in substance, the promisor, the father, now the decedent whose personal representative (administrator) is a defendant herein, to pay ten dollars a month to his former wife, for the support of herself, and the minor children of which she and the decedent were parents, and to pay the children five thousand dollars at the death of the decedent, by means of an insurance policy on the life of the decedent payable to the children at the time of his death, the right of the former wife to said allowance, having been transferred by her herein, to plaintiff.

Without citation of authority, it should be said that an allowance by way of alimony and for the support of minor children, does not, unless so provided, run beyond the lifetime of the one against or by whom the charge has been personally fixed. The contract in issue herein, contains language concerning the right of visitation, the advance approval of certain items included in the allowance, and for the conditional enhancement of the amount, of such nature as to indicate intention to limit the period, and there is no language whatsoever from which it could be claimed that the parties to the contract intended it to endure beyond the lifetime of the decedent, the father. Therefore the liability arising out of that promise covers only the time to the death of the father, and such will be the finding, including interest from the time of death.

The promise to be fulfilled by the insurance policy, entitles plaintiff to a finding for five thousand dollars, with interest from a reasonable time after the death of the father, which the court determines to be thirty days, the probable period within which payment would have been made.

It is impossible to view this case otherwise than one under the Ohio statutes for the establishment of claims against the estate of a deceased person, inasmuch as no equitable relief whatsoever is involved, by way of creation or execution of a trust or otherwise.

Therefore, since this court is exercising jurisdiction over the subject of the action, it can go no farther, and do nothing else, than to find in favor of the plaintiff, as hereinabove set forth, and enter a judgment for recovery of the amounts hereinbefore found, as valid claims against the estate of the deceased father, in accordance with the statutes to which reference has been made, such judgment being payable solely as ordinary claims against the estate are paid.

Before
JUDGES CROW, KLINGER and KINDER.