**SILBERMAN, Plaintiff, v. BROWN, Exr., Defendant.**

Common Pleas, Cuyahoga County.

No. 565,502.   Decided Dec. 17, 1946.

A. N. Jappa, Esq., Cleveland, for plaintiff.
Bernsteen & Bernsteen, Cleveland, for defendant.

## OPINION

By McNAMEE, J.

On the 30th day of October, 1944, the plaintiff, Stella Silberman and Albert Silberman, deceased, then husband and wife, entered into a separation agreement by the terms of which they settled their property rights and provided for the custody and support of their three minor children. Under this agreement the custody of the children was given to Stella Silberman and Albert Silberman agreed to pay for their support until the youngest child reached the age of eighteen. The express terms of the contract in this regard were as follows:

"3.   That whereas, the First Party and Second Party have three children as above enumerated; that the First Party

agrees to support said three children until they reach the age of eighteen (18), Suzanne, until November 29th, 1948; Samuel, until October 9, 1951; and Roger, until August 26th, 1954; that the said Second Party shall have the custody and control of said children and that the said First Party shall pay for their support the sum of Fifty Dollars ($50.00) per week until the said Suzanne shall reach the age of 18 when she shall receive no further support and the amount shall be reduced from Fifty Dollars ($50.00) to Thirty-Three and 66/100 Dollars ($33.66) and he shall then be only compelled to pay the sum of Thirty-Three and 66/100 Dollars ($33.66); and when the said Samuel shall reach the age of 18 as aforementioned then the amount shall be reduced from Thirty-three and 66/100 Dollars ($33.66) to Sixteen and 33/100 Dollars ($16.33); and when the said Roger shall reach the age of 18 as aforementioned then the entire amount shall cease and he shall not be compelled to make any further payments."

The terms of the separation agreement were later approved by the Court of Common Pleas and incorporated in a decree of divorce granted Albert Silberman for the aggression of his wife. Albert Silberman died testate on November 5th, 1945. By the terms of his last will and testament he disinherited two of his children and bequeathed all of his property to his son Samuel. His estate is estimated to be worth approximately $30,000.

Although not material to the issue, it is interesting to note that he also made his son Samuel the Beneficiary of insurance policies in the amount of $25,000. Plaintiff presented a claim to the defendant administrator herein for the weekly payments of support which have accrued since the death of his decedent and a contingent claim for such payments as will hereafter accrue under the terms of the separation agreement and decree. The executor rejected said claims on the ground that Albert Silberman's obligation to support his minor children terminated with his death.

The issue to be determined is whether the estate of a deceased father may be held liable for the support of his minor children where the father in his lifetime, in contemplation of living separate and apart from his family, agreed with his wife to pay her specified amounts of money for definite periods of time for the support of the children, and such agreement was incorporated into a decree of divorce procured by the father.

An examination of the authorities discloses that this precise question has not been heretofore decided by any court in

this state. Defendant urges that the decision in **Wright, Guardian v Fishbaugh, 13 Abs 619,** is squarely in point and decisive against the claim of plaintiff.

In the cited case there was a separation agreement which provided for weekly payments of alimony and support of minor children in the sum of $10 and further that upon the death of the father the children were to receive the sum of $5,000 insurance. It appears in that case, however, that the terms of the separation agreement as incorporated in the divorce decree were indefinite as to time and fairly susceptible of the interpretation that the parties intended that the obligation of the father for support was to terminate upon his death.

At page 620 of the per curiam opinion in the Wright case the court carefully marked the distinction between an agreement for support limited to the lifetime of the father and one which in express terms or by fair implication extended the obligation of support to his estate after his death. In this connection the court said:

"Without citation of authority, it should be said that an allowance by way of alimony and for the support of minor children, does not, unless so provided, run beyond the lifetime of the one against or by whom the charge has been personally fixed. The contract in issue herein, contains language concerning the right of visitation, the advance approval of certain items included in the allowance, and for the conditional enhancement of the amount, of such nature as to indicate intention to limit the period, and there is no language whatsoever from which it could be claimed that the parties to the contract intended it to endure beyond the lifetime of the decedent the father."

Unlike the separation agreement in the Wright case (supra) the contract here involved contains no provisions suggestive of an intention to limit the obligation for support to a period co-extensive with the father's lifetime, but on the contrary, and without regard to the duration of the father's life, it expressly provides that payments are to be made in varying amounts until the youngest child reaches the age of eighteen on August 26th, 1954.

In **50 A. L. R., at page 241,** the following statement appears:

"In divorce cases, where the mother is given the custody of the child, and the father is ordered to pay her a stipulated amount for its support, it is generally held that such an obli-

gation does not terminate upon the death of the father, in cases where he dies before the child arrive at its majority but survive his death. Especially is this so where the divorce decree is made a lien upon the father's property."

To the same effect are the statements of the text in 9 R. C. L., 301, Sec. 502, 19 C. J. page 366, 822 (5), 27 C. J. S. page 1252, Sec. 323 (c).

See Murphy v Moyle, 17 Utah, 133, 53 Pac. 1010.

Mansfield v Hill, 56 Oregon, 400; 107 Pac. 481.

Kreyts v Kreyts, 143 Michigan, 375; 106 N. W. 1111.

Stone v Bayley, 75 Washington, 184; 48 L. R. A. (N. S.) 429; 134 Pac. 820.

Poland v Poland, 63 Washington 597; 116 Pac. 2.

Defendant contends that inasmuch as the separation agreement did not provide that the continuing payments for support were to be a lien upon the decedent's estate, there can be no recovery by plaintiff. This contention is answered by the irrefutable logic of the Supreme Court of California in Newman v Burwell, et al., 15 Pac. 2nd, 511. It was held in that case that—

"Father's obligation to support minor child placed in custody of mother by divorce decree which directs payments to continue 'until further order of the court' was not discharged by father's death as respects payments accruing after such death, notwithstanding decree imposed no lien on father's property or required other security to discharge liability, and though result of such holding might be to destroy father's power of testamentary disposition."

Commenting upon the claim there asserted that the existence of a lien upon the decedent's estate was an essential prerequisite to the recovery, the California Supreme Court said:

"However, the cases recognize that a distinction founded in the giving or requiring of security can rest on no sound basis, inasmuch as the provision for security is a difference merely in circumstance, and not in principle. As stated in Stone v Bayley, supra 'It can hardly be contended that if there was no continuing debt there could have been a continuing lien.' We conclude, therefore, both upon reason and authority that the existence of security is neither a controlling circum-

stance nor an essential prerequisite to a determination of the continuing character of the decedent's obligation. Such a conclusion is in accord with our rather general discussion of this matter in the recent case of Estate of Smith, supra, where, though the decedent's obligation was therein secured by a lien on his property, thus slightly distinguishing the facts of that case from those of the present case, we stated that: 'The purpose of the order was to maintain the child during her minority and to compel such maintenance by the father.' The necessity for the support of the minor is the same, whether the father be alive or dead. Having made provision for the support of the minor, which is at least partially adequate for her maintenance during her minority, is there any reason whatever why this support should cease on the death of the father, leaving property properly applicable for the payment of said support? No reason has been suggested to us and we know of none. Surely no obligation can exceed in importance that which the father owes to his own offspring. The fact that the divorce was granted to the father, which point is stressed by defendants, does not lessen or defeat such obligation."

It is also contended by defendant that under the law of this state the decedent had the right to disinherit any one or all of his offspring, and that a judgment for the plaintiff herein would infringe upon that right and curtail the amount of the bequest to the decedent's son, Samuel. It may be that the father can disinherit his children, but he cannot avoid payment of his just obligations, nor relieve his estate from liability therefor. The oft quoted maxim that "A man must be just before he is generous," limits this right of testamentary disposition. True, in the absence of any agreement on his part, a father's liability for support ordinarily terminates at his death. **Sec. 7997 GC** provides:

"The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him as far as she is able."

**Sec. 8000 GC**, provides that a husband and wife may by contract agree upon an immediate separation and make provision for the support of their children during the separation.

Under **§10507-3 GC** the wife and husband are equally charged with the care, nurture, welfare and education of their

children. Upon the death of a father the primary obligation of supporting minor children devolves upon the mother, but where by agreement between the parents the custody and care of the children is committed to the mother and the financial burden of their support expressly assumed by the father for a designated period of the children's minority, the father's estate, after his death, is liable upon the terms of the agreement. Where the parties to such agreement are thereafter divorced and the agreement is approved by and incorporated into the court's decree it thereupon becomes a binding contract between the parties which may not be subsequently modified by the court so as to reduce the amount of the payments for support. **Tullis v Tullis, 138 Oh St 187.** Under such circumstances considerations of natural justice and well settled principles of law unite to compel the enforcement of the contract against the father's estate.

In **Hassaurek v Markbreit, Admr., 68 Oh St 554,** the Supreme Court held that where a husband obtained a divorce on account of his wife's aggression and as a part of the property settlement agreed to pay her a specified sum monthly during her life, there was imposed a valid obligation against his estate after his death. On **page 579** of the opinion in the last cited case the court said:

"Certainly an arrangement so consonant with natural justice should be enforced unless it is forbidden by some inflexible rule of the law so beneficent in its general operation that it should be maintained notwithstanding hardships which may result from its application to particular cases."

Counsel have suggested no inflexible rule of law which forbids the enforcement of the contract in evidence in this case against the father's estate. If it be the policy of the law of this state to fix liability upon the estate of a deceased husband under the terms of a property settlement agreement which provides for periodical payments to a divorced wife, for her sole benefit, during her lifetime, it would seem that compelling reasons of equal or greater force required the extension of such a policy to a case where the father has agreed to pay his divorced wife specified sums for the support of his minor children for a definite period of time.

For the reasons hereinabove set forth the prayer of plaintiff's petition will be granted. A Journal Entry may be prepared in accordance with the foregoing.