LEWELLEN ANN MCKAMEY *v.* CHARLES E. WATKINS, AS EXECUTOR OF ESTATE OF JOHN W. WATKINS, DECEASED.

[No. 471S101. Filed October 5, 1971.]

*Craig & Craig,* of Brazil, *Rexall A. Boyd, Lyon & Boyd,* of Greencastle, for appellant.

*LeRoy A. Freiherr, Rider and Freiherr,* of Indianapolis, *J. Frank Durham,* of Greencastle, for appellee.

GIVAN, J.—This case was originally filed in the Appellate Court but transferred to this Court under the authority of Paragraph 15 of Burns Ind. Stat., 1968 Repl., § 4-214. The appellee has filed a motion to dismiss or affirm alleging certain defects in appellant's brief. We agree with the position taken by the appellee; however, an examination of the briefs and record in this case discloses a very simple proposition of law with which we can readily deal on the merits.

The appellant herein is the former wife of the decedent, John Watkins. At the time of their divorce an order was entered for the decedent to pay $15 per week for the support and maintenance of their minor child and in addition thereto all necessary medical, hospital and dental expenses for the child.

John Watkins died on January 10, 1970, leaving a will under the terms of which his mother was the sole beneficiary. No support payments were made following the death of John Watkins.

Appellant readily concedes the present law in Indiana to be that upon the death of a parent, his obligation to support his

minor children terminates, and that any claims against the estate of the deceased made for support after decedent's death are not obligations of the estate, citing authority of *Sorin* v. *Olinger, Administrator* (1859), 12 Ind. 29. However, appellant urges this Court to adopt the reasonaing of the Ohio Court of Common Pleas in *Silberman* v. *Brown* (1946 C.P.), 34 Ohio Op. 295, 72 N. E. 2d 267, wherein it was held that the obligation to support as provided in a divorce decree was not discharged by the death of the father, and that his estate remained responsible for such payments.

Appellant points out that a specific statute found in Burns Ind. Stat., 1968 Repl., § 3-629 specifically provides for the obligation of support by the father of a child born out of wedlock, whose paternity has been established, does not cease upon the father's death, and that his estate remains liable for such support. Appellant argues that if the legislature has seen fit to so provide by statute so far as illegitimate children are concerned, this Court should adopt the same philosophy so far as legitimate children are concerned. This argument, though grounded in reason, is not an argument to be presented to this Court but would properly be the subject for legislation. As recognized by the appellant the law as found by the trial court is well established in Indiana. We hold the trial court did not err in finding that the responsibility for support of the minor child ceased upon the death of the parent.

The trial court is, therefore, affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 542.