**CITY OF HOBART SEWAGE WORKS,
Appellant–Defendant,**

v.

**Joseph and Tracy H. McCULLOUGH,
Appellees–Plaintiffs.**

No. 45A03–9411–CV–416.

Court of Appeals of Indiana.

Oct. 27, 1995.

Transfer Denied Feb. 20, 1996.

Karen L. Hughes, Lucas, Holcomb & Medrea, Merrillville, for appellant.

Joseph McCullough, Tracy H. McCullough, Hobart, pro se.

## OPINION

HOFFMAN, Judge.

Appellant-defendant City of Hobart Sewage Works (City) appeals from a small claims court judgment in favor of appellees-plaintiffs Joseph and Tracy H. McCullough. The facts relevant to this appeal disclose that the McCulloughs purchased a residence at 3845 Maitlan, Hobart, Indiana in September of 1979. The McCulloughs lived at the residence for seven years and then leased the property. In June of 1993, the McCulloughs' tenants informed them that the sewer system had backed up. Prior to purchasing the residence, the McCulloughs had been informed that the property was serviced by the city sewer. Further, the McCulloughs were also billed by the City for monthly usage of the sewage system.

In an attempt to remedy the problem, the McCulloughs contacted a company to clean out the line leading from the residence. The line, however, extended out only twenty feet. On June 15, 1993, while attempting to find what was believed to be a broken sewer tile, the McCulloughs discovered that the residence was not, in fact, connected to the city sewer system but rather was still on a septic system. The McCulloughs immediately informed the City of their findings.

The McCulloughs discovered their property was originally owned by Alan and Helen Davies. In 1972, the date the city sewer line was installed to service the property, the Davieses applied for and received from the City a contract to pay for the connection ("tap-on fee") in installments and waived any objection to the sewer assessment. The Davieses failed to make the installment payments. The second owners of the house, the Foits, thereafter paid the tap-on fee sometime in the latter part of 1979 or early 1980.

However, no additional steps were taken to connect the residence with the city sewer system. During the fourteen years that the McCulloughs owned the property, the City billed the McCulloughs for sewer service despite the fact that the residence was never, in fact, connected to the sewer.

On October 13, 1993, the McCulloughs filed a "Notice of Claim" against the City in the Lake Superior Court, Small Claims Division, for reimbursement of money paid to the City for sewer services from September of 1979 to June 15, 1993. Thereafter, City filed a motion to dismiss, affirmative defenses, and a counter-claim. The City's counter-claim alleged that it was injured and would incur expenses due to the McCulloughs' violations of City Ordinance number 1798(2)(g) and (h), (Hobart Municipal Code § 17–2(G) and (H)) by maintaining a septic tank on their property and by failing to connect the residence to the city sewer system. On February 15, 1994, the trial court entered a judgment in favor of the McCulloughs and against City on its counter-claim. The City now appeals.

Rephrased, the issues for review are:
(1) whether the trial court erred in entering judgment in favor of the McCulloughs;
(2) whether the notice given by the McCulloughs was sufficient to comply with the Indiana Tort Claim Act § 34–4–16.5–7;
(3) whether the McCulloughs' claim is barred by the applicable statute of limitations; and
(4) whether the trial court erred in denying the City's counter-claim.

 In part, the McCulloughs asserted at trial that the City negligently billed them for sewer services for a fourteen-year period despite the fact that their property was never connected to the city sewage system. The City argues that it can assess fees to a parcel that is "served" by the sewage works pursuant to IND.CODE § 36–9–23–25(c)(2) (1993 Ed.); thus, it was authorized to charge usage fees to the McCulloughs.

IND.CODE § 36–9–23–25 asserts in part:
"(a) The municipal legislative body shall, by ordinance, establish just and equitable fees for the services rendered by the sew-age works, and provide the dates on which the fees are due."

This Court need not determine whether the term "served" authorizes such a charge. The Hobart Municipal Code clearly distinguishes between fees charged for sewer connections and usage. Article IV entitled "Sewer Charges" provides:

"For the use of the services rendered by sewage works, rates and charges shall be collected from the owners of each and every lot, parcel of real estate or building that *is connected* with the city sanitary system or otherwise discharges sanitary sewage, industrial wastes, water or other liquids, either directly or indirectly, into the sanitary sewage system of the city. Such rates and charges include user charges, debt service costs, excessive strength surcharges and other service charges, which rates and charges shall be payable as hereinafter provided and shall be in an amount determinable as follows: . . . ."

(Emphasis added.) Hobart Municipal Code § 17–52. This ordinance provides that usage fees are only charged and collected from owners that are actually connected to or discharge waste into the city sewer system. The sections of the ordinance relied upon by the City, Hobart Municipal Code §§ 17–22 and 17–26, pertain only to tap-on fees, that is fees for the actual connection to the city sewer line. The rules set forth relating to statutory construction are equally applicable to construing ordinances. *Hobble by and through Hobble v. Basham* (1991), Ind.App., 575 N.E.2d 693, 697. In construing statutes, effect is given to the plain and ordinary meaning of the language used. *Jones v. Hendricks County Plan Commission* (1982), Ind.App., 435 N.E.2d 82, 83–84. Pursuant to the ordinance, the City could not charge the McCulloughs for the cost of operation and maintenance of the sewer works.

The City also contends the contract entered into by the original owners, the Davieses, waived all objections to any illegality or irregularity of assessment. The contract, however, only waives an objection to the tap-on fee, not the monthly user fees.

■ Further, the City asserts that it is immune from liability for any loss which resulted from the adoption and enforcement of or failure to adopt or enforce a law. *See* IND.CODE § 34–4–16.5–3(7) (1993 Ed.). The City's attempt to rely on this subsection is misplaced. The McCulloughs' claim did not arise from the City's decision whether or not to investigate a possible ordinance violation or to charge a particular individual with a violation of an ordinance.

■ Additionally, the City argues that it is immune from any liability caused by its failure to inspect the property or for its unintentional misrepresentation. *See* IND.CODE § 34–4–16.5–3(11) and (13). The City raises these issues for the first time on appeal, thereby, waiving any arguments it may have had on appeal. *See W & W Equipment Co., Inc. v. Mink* (1991), Ind.App., 568 N.E.2d 564, 576, *trans. denied.*

■ The City also contends the McCulloughs' action is barred by their failure to give a tort claim notice. IND.CODE § 34–4–16.5–7 requires notice as a condition precedent to the institution of a claim for money damages against a political subdivision within 180 days after the loss occurs.

The contents of the notice of tort claim require a short and plain statement of facts on which the claim is based including:

"the circumstance which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

IND.CODE § 34–4–16.5–9. Additionally, the notice of the claim "must be in writing and must be delivered in person or by registered or certified mail." IND.CODE § 34–4–16.5–11. Technical violations of the statute are not necessarily fatal to a claim. *City of Tipton v. Baxter* (1992), Ind.App., 593 N.E.2d 1280, 1282.

■ Substantial compliance with the provisions of the notice statute will suffice when the purpose of the statute has been satisfied. *Bd. of Aviation Com'rs v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 154. The purpose of the statute is to "inform city officials of the time, place, cause, and nature" of the tort "as well as the nature and extent of the injuries, so that the city may investigate, determine its liability, and prepare a defense." *City of Tipton,* 593 N.E.2d at 1282.

Here, the McCulloughs filed their actual complaint with the small claims court 120 days after discovering their property was not connected to the city sewage system. The complaint entitled "Notice of Claim" included the names of the parties involved, a statement of the nature of the McCulloughs' claim, the amount of damages sought, and was served on the City by the sheriff on October 20, 1993. Additionally, the record includes a letter dated June 15, 1993, from the City building commissioner stating that the City of Hobart Sewer Department itself did a smoke and dye test and discovered that the residence was connected to a septic system. The purpose of the notice provision of the statute has been satisfied.

■ The City next contends that the McCulloughs' claim is barred by the six-year statute of limitations for causes of action which have accrued on accounts and contracts not in writing, *see* IND.CODE § 34–1–2–1 (1993 Ed.) or in the alternative, the two-year statute of limitations for actions sounding in tort, *see* IND.CODE § 34–1–2–2(1). This Court notes that the McCulloughs' cause of action was for negligence. Thus, a two-year statute of limitations applies.

■ Under Indiana law, the statute of limitations does not begin to run until the plaintiff " 'knew or in the exercise of ordinary diligence could have discovered that an injury had been sustained as a result of the tortious conduct of another.' " *Madlem v. Arko* (1992), Ind., 592 N.E.2d 686, 687 (quoting, *Wehling v. Citizens Nat. Bank* (1992), Ind., 586 N.E.2d 840, 843); *see also Habig v. Bruning* (1993), Ind.App., 613 N.E.2d 61, 62, *trans. denied* (discovery rule applies to statute of limitations for breach of contract and warranty). The McCulloughs did not know nor did they have reason to know their residence was not connected to the city sewer line until June 15, 1993; thus, the McCulloughs' claim filed on October 13, 1993, was

well within the applicable two-year statute of limitations.

 Finally, the City argues that the trial court erred as a matter of law in denying the counter-claim against the McCulloughs for illegally and wrongfully maintaining a septic system on their property in direct contravention of Hobart Municipal Code § 17–2(G). Subsection (G) states:

"Except as hereinafter provided, it is unlawful to construct or maintain any privy, privy vault, septic tank, cesspool or other facility intended or used for the disposal of sewage."

 Subsection (G) must be read within the context of the Municipal Code as a whole. *See Kinder v. Doe* (1989), Ind.App., 540 N.E.2d 111, 114 (a statute must be considered as a whole in order to determine legislative intent). Subsection (H) of § 17–2 requires that an owner of a building whose property line is within 300 feet of the city sewer must connect the property to the city sewer line within 90 days after the date of official notice to do so.

Moreover, IND.CODE § 36–9–23–30 (1993 Ed.) provides that a municipality that operates a sewage works may require connection to the sewage system and discontinued use of privies, cesspools, septic tanks and similar structures. IND.CODE § 36–9–23–30(a). The statute further states:

"(b) A municipality may exercise the powers granted by subsection (a) only if:

(1) There is an available sanitary sewer within three hundred (300) feet of the property line of the affected property; and

(2) it has given notice by certified mail to the property owner at the address of the property, at least ninety (90) days before the date specified for connection in the notice."

*Id.* Subsection (c) provides for the collection of reasonable penalties by the municipality for failure to make a connection. IND. CODE § 36–9–23–30(c).

The McCulloughs purchased the residence in September of 1979, unbeknownst to them the property had not been connected to the city sewer system. Additionally, the City had placed a moratorium on connection in 1975. Hence, even if the McCulloughs would have known that their residence was not connected at the time they purchased the property, connection to the city sewer line was prohibited. The moratorium was lifted in 1988, at which time the City sent letters to approximately 200 persons notifying them that they would be required to connect to the city sewer line. The McCulloughs, however, were not among those persons notified. Without notification, the City cannot now fine the McCulloughs for maintaining an unknown septic system on their property. The judgment of the trial court is affirmed.

Affirmed.

STATON and DARDEN, JJ., concur.