**Fred RAAB, Appellant–Defendant,**

v.

**TOWN OF SCHERERVILLE, Appellee–Plaintiff.**

No. 45A05–0110–CV–437.

Court of Appeals of Indiana.

April 30, 2002.

---

**13.** "According to what is equitable and good." BLACK'S LAW DICTIONARY 581 (7th ed. 1999).

Stephen Bower, Cohen and Thiros, Merrillville, IN, Attorney for Appellant.

Adam D. Decker, David M. Austgen, Austgen & Decker, Crown Point, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In June 2001, the town of Schererville initiated a small claims action against Fred Raab to collect five years of unpaid fees for residential garbage collection. At the evidentiary hearing, Raab contended that he was not required to pay because he did not use the town's residential garbage ser-

vice but, instead, hauled his garbage to his business and disposed of it there. The small claims court disagreed and found in favor of Schererville, awarding it $850.73 plus costs. Raab appeals and raises a single issue for our review, namely, whether the small claims court erred when it found that Raab was required to pay the monthly garbage collection fee regardless of whether he actually used that collection service. We will provide additional facts in our discussion as necessary.

We affirm.

## DISCUSSION AND DECISION

■ As a rule, we will not set aside the judgment of a small claims court unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Flint v. Hopkins,* 720 N.E.2d 1230, 1232 (Ind.Ct.App.1999). In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. *Id.* This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Id.; see City of Dunkirk Water & Sewage Dept. v. Hall,* 657

N.E.2d 115, 116 (Ind.1995); *see also* Ind. Small Claims Rule 8(A).

Raab contends that the small claims court erred when it determined that he must pay Schererville's residential garbage collection fee regardless of whether the Town actually collects his garbage. Specifically, he argues that under Schererville Municipal Ordinance 1326 (January 24, 1996) and Indiana Code Section 36–9–23–1 *et seq.,* Schererville cannot assess a residential garbage collection fee against those residents who do not actually use that service.[1] We must disagree.

■ Our normal standard of review notwithstanding, we note that the interpretation of a statute is a question of law reserved for the courts. *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct.App.2000), *trans. denied.* Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Id.* Moreover, it is well settled that we are to apply the rules of statutory construction when construing an ordinance. *Burrell v. Lake County Plan Comm'n,* 624 N.E.2d 526, 529 (Ind.Ct.App.1993). Although it is true that in order to be valid an ordinance must be precise, definite, and certain in expression, it is equally true that we will not construe an ordinance so as to defeat its purpose if it is sufficiently definite to be understood with reasonable certainty. *Id.*

■ Indiana's Home Rule statute grants "units all the powers that they need for the effective operation of government as to local affairs." Ind.Code § 36–1–3–2. Further, "[a]ny doubt as to the existence

---

1. Raab also asserts that he "could further advance the legal argument that charging a fee for a service that is not received violates the Indiana Constitution, Article 1, Section 23." However, he makes no cogent argument why Schererville's garbage collection fee might violate that constitutional provision. We therefore decline to address it.

of a power of a unit shall be resolved in favor of its existence." Ind.Code § 36-1-3-3. A unit may exercise "all powers granted it by statute; and all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute." Ind.Code § 36-1-3-4. However, under the Home Rule statute, a unit does not have, "[t]he power to impose a service charge or user fee greater than that reasonably related to reasonable and just rates and charges for services." Ind.Code § 36-1-3-8. Raab contends, in effect, that Schererville's flat fee for garbage pick-up is unreasonable as applied to him because "a municipality [cannot] charge a monthly user fee to someone who is not using the service."

Schererville Municipal Ordinance 1326 provides, in relevant part: "There is hereby established a garbage collection fee for residence dwelling units ... in the sum of Eight and 90/100 ($8.90) per month, per unit (family). Said garbage collection fee shall be billed and collected as part of the normal water and sewer billing system of the Town of Schererville."

In addition, Indiana Code Section 36-9-23-25 provides, in part:

(a) The municipal legislative body shall, by ordinance, establish just and equitable fees for the services rendered by the sewage works, and provide the dates on which the fees are due.

\* \* \*

(c) The fees are payable by the owner of each lot, parcel of real property, or building that:

(1) is connected with the sewage works by or through any part of the municipal sewer system; or

(2) uses or is served by the works.

Unless the municipal legislative body finds otherwise, the works are considered to benefit every lot, parcel of real property, or building connected or to be connected with the municipal sewer system as a result of construction work under the contract, and the fees shall be billed and collected accordingly.

(d) The municipal legislative body may use one (1) or more of the following factors to establish the fees:

(1) A flat charge for each sewer connection.

\* \* \*

(8) The cost of collecting, treating, and disposing of garbage in a sanitary manner, including equipment and wages.

Schererville Municipal Ordinance 1326 designates the garbage collection fee as part of the fees associated with the city's water and sewer systems. And Indiana Code Section 36-9-23-25 authorizes towns such as Schererville to charge their residents fees to cover the costs of implementing a comprehensive system for disposing of sewage, including garbage. That statute gives towns several methods by which to impose those fees, one of which is a flat fee for each sewer connection. Raab has not argued that he is not connected to Schererville's sewer system, and he admits that the fee represents each resident's pro rata share of Schererville's cost in hiring an independent company to collect, treat, and dispose of the garbage, all of which is clearly permissible under subsection (d)(8). Further, neither the statute nor the ordinance state that a town must actually remove a resident's residential garbage in order to charge him a collection fee. Thus, the plain language of Ordinance 1326 and Indiana Code Section 36-9-23-25 allows Schererville to charge all residents a flat fee for garbage collection, notwithstanding the fact that one or more of those residents may opt to dispose of their garbage by other means.

Raab cites *City of Hobart Sewage Works v. McCullough*, 656 N.E.2d 1185 (Ind.Ct.

App.1995), *trans. denied,* for the proposition that Schererville's flat fee for garbage pick-up is unreasonable as applied to him because "a municipality [cannot] charge a monthly user fee to someone who is not using the service." In that case a resident sued Hobart for reimbursement of sewage fees they had paid despite the fact that they were not connected to the sewer. And on appeal we held that Hobart had to reimburse the resident for those sewage fees. *Id.* at 1188. But that case is distinguishable because the ordinance at issue allowed Hobart to assess fees against only those residents who were "actually connected to or discharge[d] waste into the city sewer system." *Id.* at 1189. Here, Schererville's ordinance does not require that a resident use or sign up for the town's garbage collection service; rather, it assesses the fee uniformly upon all owners of residential units.

Moreover, Raab's objection to paying a residential garbage fee, and his specific contention that the ordinance should contain an opt-out clause for those residents wishing to dispose of their own garbage, misses the overall purpose of such fees. Courts from at least three other jurisdictions have rejected Raab's contention. We find the following rationales found in those decisions persuasive:

> The appellants fail to recognize that the municipal charge is not just for collecting and disposing of refuse from their places of residence. The sum of all charges are marshaled and designed to defray the expense of a systemic refuse disposal scheme within the City.... In other words, the purpose of the Ordinance is to protect the health, safety and welfare of the entire community.

*City of Princeton v. Stamper,* 195 W.Va. 685, 466 S.E.2d 536, 539 (1995).

> [A]ppellants contend that because they do not have their garbage removed, they do not use the service for which they are billed, and therefore, the ordinances are unreasonable. Appellants, however, erroneously assume that the only benefit conferred by the statute is the removal of one's own garbage. The legislative intent and the purpose of the city's ordinances are not primarily to remove waste from the community for the convenience of residents, but rather to protect the public health by regulating the collection and disposal of garbage, and thereby minimizing or eliminating a source of disease. Although the appellants may not have waste to be collected, the regulatory scheme protects the entire public, not just those who have waste for disposal, by responsibly removing a source of disease from the community.

*Craig v. City of Macon,* 543 S.W.2d 772, 774–75 (Mo.1976).

> Without the ability to require every resident of the city upon whose premises garbage or refuse accumulates to conform to a uniform regulation, the city would be unable to tackle all the health problems which would result from a helter-skelter approach of allowing each citizen to individually strew his garbage throughout the city as he sees fit.

*City of Portsmouth v. McGraw,* 21 Ohio St.3d 117, 488 N.E.2d 472, 475 (1986).

Schererville's imposition of a garbage collection fee against Raab was reasonable. The small claims court, therefore, did not err when it entered judgment in favor of Schererville and ordered Raab to pay for the five years of accrued, unpaid garbage collection fees.

Affirmed.

ROBB and BAILEY, JJ., concur.