Walter L. BROWN and Thomas E. Brown, In re the Guardianship of Walter F. Brown, Appellants,

v.

THE GUARDIANSHIP OF Geraldine BROWN, Appellee.

No. 45A03–0110–CV–344.

Court of Appeals of Indiana.

Oct. 2, 2002.

Mark A. Bates, Schereville, Indiana, Attorney for Appellants.

Lisa K. Misner–Skozen, Skozen & Misner, Munster, Indiana, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Walter L. and Thomas E. Brown (the sons), the only offspring of Walter F. Brown (Walter), appeal the trial court's denial of their Motion for Relief from Order or to Correct Errors. The sons present the following restated issue for review: Did the trial court erroneously order the Guardianship of Walter to make a lump-sum payment to the Guardianship of Geraldine Brown (Geraldine), based upon a petition that Geraldine filed after her husband Walter's death?

We reverse and remand.

The facts are not in dispute. On January 14, 1998, the sons opened a guardianship for Walter. At the time, Walter was married to Geraldine, his childless, second spouse. A dissolution proceeding had previously been initiated but, when both Walter and Geraldine became incapacitated, the proceeding was eventually dismissed. During the dissolution proceedings, Walter had been providing monthly spousal support to Geraldine. When the dissolution proceedings were dismissed on November 22, 1999, the provisional order of support for Geraldine terminated.

Subsequently, on April 17, 2000, the guardian over Geraldine's estate filed a petition for periodic allowance for incapacitated spouse. Following a hearing, the trial court granted the petition on August 30, 2000. The order, entitled Order for Payment of Periodic Allowance for Incapacitated Spouse, provided in relevant part:

The Court FINDS that Walter and Geraldine are presently married however, because of their infirmities, live apart.

The Court further FINDS that there is both an obligation and history of Geraldine receiving support payments from her spouse.

The Court further FINDS that Geraldine is presently in need of financial support from her spouse.

Court further FINDS that there is [sic] sufficient assets in Walter's estate to pay a *periodic allowance of $1,600 per month* beginning with the first payment on September 1, 2000, to Geraldine's estate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that Peoples Bank, as the Guardian Over The Estate Of Walter F. Brown, is ordered to pay a *monthly periodic allowance of $1,600, due on the first day of each month beginning with the first payment on September 1, 2000, and each month thereafter until further order of this Court,* to Fifth Third Bank as Guardian Over The Estate of Geraldine J. Brown.

\* \* \* \*

*Appendix* at 35–36 (emphasis supplied).

On February 24, 2001, Walter died testate, leaving one-third of his personal estate and a life estate in one-third of his real property to Geraldine and all of his remaining property to the sons. Soon thereafter, the sons, as personal representatives of his estate, sought to close the guardianship. On April 27, 2001, however, Geraldine filed a Verified Petition for Determination of Remaining Periodic Allowance Due to Surviving Incapacitated Spouse. In that petition, Geraldine sought a final support payment to be calculated by multiplying her life expectancy by the previously ordered monthly support payment and then reducing that sum to its present value. Following a hearing, the trial court granted Geraldine's petition on July 25, 2001. In its Order Regarding Hearing on Petition to Determine Remaining Periodic Allowance Due to Surviving Spouse, the trial court found:

1. The relief requested in the Petition should be granted.

2. On the 3rd [sic] day of August, 2000, this Court ordered, after full hearing on the merits, that Walter Brown had an obligation to provide support payments to his wife in the amount of $1,600.00 per month, commencing on September 1, 2000.

3. On the 24th day of February, 2001, Walter Brown passed away, leaving surviving him his wife, Geraldine Brown.

4. Geraldine Brown is still in need to [sic] financial support from her husband.

5. Under Indiana law, there is a common law duty to support a spouse, which does not terminate until the marriage is dissolved.

6. As in other support matters, this Court may determine the final payments due by determining the anticipated life expectancy of Geraldine Brown, and multiplying that by the monthly obligation, and then reducing same to a present value calculation.

7. Since this Court entered its Order For Payment of Periodic Allowance for Incapacitated Spouse on August 3, 2000, [sic] there has been no superceding order either revoking or modifying the amount of the support to be paid.

8. Pursuant to the IRS Annuity tables, Geraldine has a life expectancy of 13.9 years, or 166.8 months[.]

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court as follows:

a. The Walter Brown Guardianship owes a continued duty of support to The Geraldine Brown Guardianship;

b. The remaining periodic allowance due, based upon life expectancy, is in the amount of $160,772.05 at eight percent (8%);

c. The remaining periodic allowance due is payable from the Guardianship/Estate of Walter Brown with-

in 30 days of the date of this Order.

*Appendix* at 43–44.

The sons filed their motion for relief from order or to correct errors on August 22, 2001. The trial court denied the motion without a hearing on September 19, 2001. The sons now appeal.

The instant appeal involves pure questions of law, not fact. Therefore, we shall review the questions of law under a de novo standard, and we owe no deference to the legal conclusions of the trial court. *See Raab v. Town of Schererville,* 766 N.E.2d 790 (Ind.Ct.App.2002), *trans. denied.*

Here, the trial court determined that Geraldine was entitled to continued spousal support payments following Walter's death and then awarded a lump-sum amount to her based upon the present value of such future payments over Geraldine's remaining life expectancy. The sons argue that this was improper because the prior support paid to Geraldine was periodic in nature and the original support order did not establish a total amount owed to her, nor did it contain a provision for continuing payments after Walter's death. They, therefore, contend that the support order's effect terminated and ceased to have any force upon Walter's death.[1]

It is clear that the original support order entered prior to Walter's death established a monthly periodic allowance, akin to spousal maintenance in dissolution actions or child support.[2] A review of our common-law treatment of spousal maintenance and child support leads us to the conclusion that Walter's obligation to pay periodic support to Geraldine ceased upon his death.

In *Hicks v. Fielman,* 421 N.E.2d 716 (Ind.Ct.App.1981), we held, "[u]nless an agreement or decree calling for maintenance clearly says otherwise, maintenance payments can not accrue after the death of the person liable for them." *Id.* at 720. We concluded that the appellant's claim for maintenance after the death of her former husband could not as a matter of law succeed because the decree awarding such maintenance did not provide that the payments would continue after the death of the payor.

We noted, in *Hicks,* that our supreme court reached the same result in the related area of child support. In *McKamey v. Watkins,* 257 Ind. 195, 273 N.E.2d 542 (1971), our supreme court concluded that the deceased father's estate was not obligated to pay child support after the father's death. In that case, the appellant, the child's mother and father's former wife, recognized contrary precedent but urged the court to adopt a rule that a child support obligation as provided in a divorce decree is not discharged by the death of the father. In denying the request, the court explained:

> Appellant points out that a specific statute found in Burns' Ind. Stat., 1968 Repl., § 3–629, IC 1971, 31–4–1–7 [now Ind.Code Ann. § 31–14–11–19 (West 1998)], specifically provides for the obligation of support by the father of a child born out of wedlock, whose paternity has been established, does not cease upon the father's death, and that his estate remains liable for such support. Appellant argues that if the legislature

---

1. The sons acknowledge that Walter had a statutory and common law duty to support his wife, and they do not challenge Geraldine's entitlement to spousal support prior to Walter's death. They note, however, that support following his death is provided through her inheritance.

2. This is opposed to a sum-certain award, payable in one or more installments, as often seen in property settlements.

has seen fit to so provide by statute so far as illegitimate children are concerned, this Court should adopt the same philosophy so far as legitimate children are concerned. This argument, though grounded in reason, is not an argument to be presented to this court but would properly be the subject for legislation. As recognized by the appellant the law as found by the trial court is well established in Indiana. We hold the trial court did not err in finding that the responsibility for support of the minor child ceased upon the death of the parent.

*Id.* at 197, 273 N.E.2d at 543; *see also Estate of Brummett by Brummett v. Brummett*, 472 N.E.2d 616, 617 n. 1 (Ind. Ct.App.1984) (recognizing that "[a]t common law, a parent's liability to support his child terminated at the parent's death; the terms of the support order could not be enforced against his estate unless provisions allowing for such enforcement were included in the order").

Soon after *McKamey,* the legislature enacted a statute similar to the one that applies to children born out of wedlock. The current version of this statute now provides:

(a) Unless otherwise agreed in writing or expressly provided in the order, provisions for child support are terminated:

(1) by the emancipation of the child; but

(2) not by the death of the parent obligated to pay the child support.

(b) If the parent obligated to pay support dies, the amount of support may be modified or revoked to the extent just and appropriate under the circumstances on petition of representatives of the parent's estate.

Ind.Code Ann. § 31–16–6–7 (West 1998).

Here, Geraldine urges that the philosophy of the statutory rules, which specifically apply to child support, should be extended to spousal support. While she is free to present this argument to the legislature, we refuse to adopt such a rule in light of *Hicks* and *McKamey.* Moreover, we observe that there is a critical distinction between the need for continuation of spousal support payments and the need for continuation of child support payments when inheritance law is considered. Specifically, a divorced parent is free to disinherit a child of his divorced marriage. *See Estate of Brummett by Brummett v. Brummett,* 472 N.E.2d at 619 ("the statutory provisions that extend support obligations beyond the death of the supporting parent are commonly enacted to soften the harsh result of disinheritance after divorce"). On the other hand, certain statutes protect a spouse from being disinherited by providing a spousal allowance and the ability to take against the will, thus ensuring a certain degree of future support. *See* Ind.Code Ann. § 29–1–4–1 (West, PREMISE through 2001 1st Reg. Sess.); IC 29–1–3–1 (West 1999).

We conclude that an obligation to pay periodic spousal support, such as in this case, ceases with the death of the person liable for it. Therefore, the trial court erred in ordering Walter's guardianship to pay a sum based on the present value of the periodic support payments that would accrue after Walter's death. On remand, we order the trial court to vacate such order.

Judgment reversed and remanded.

BROOK, C.J., and SHARPNACK, J., concur.